ANNA DEHRING v. ANDREW W. COMSTOCK ET AL.

*Negligence—Question of fact—Conclusiveness of finding by jury.*

1. It is negligence to throw bales of hay from the loft of a barn, facing a public street, onto the sidewalk, without first looking into the street and onto the sidewalk, to see if any one is near by, and giving sufficient warning to prevent approach.

2. Where, in a suit to recover damages for injuries sustained by being hit by a bale of hay thrown from a barn loft onto a public sidewalk, there was no proof that the plaintiff saw other bales fall, or that she was 'where she could not well avoid seeing them, there can be no proper inference that she saw them, and the court is not called upon to instruct the jury that *if* plaintiff had seen other bales fall she should have been wary of the one causing the injury.

Error to Alpena.   (Kelley, J.)   Argued November 7, 1889.   Decided November 15, 1889.

Negligence case.   Defendants bring error.   Affirmed. The facts are stated in the opinion.

*Turnbull & Dafoe (Frank Emerick,* of counsel), for appellants, contended:

1. The wagon with the hay on it stood in plain sight.  In coming up this sidewalk there were no obstructions.  Plaintiff had come up the walk for several blocks; a bale of hay had been thrown down just a short time before the one that struck her; she saw the wagon with bales of hay on it before she got there, but she never looked up; paid no attention to it; kept right on, without using the slightest precaution.  Her eye-sight and hearing were all right; it was broad daylight; there was no excuse for her; it was the grossest kind of negligence on her part; citing *Hutchins v. Sleigh Co.,* 61 Mich. 257; *Potter v. Railroad Co.,* 62 Id. 28; *Allen v. Johnston,* 76 Id. 31.

*Depew & Rutherford,* for plaintiff, contended:

1. When parties on a public street take hay from a barn in the manner shown by the testimony, totally disregarding the safety and lives of passers by, it is hardly necessary to cite authorities to show that such use of the street is negligence; citing *Corrigan v. Union Sugar Refinery,* 98 Mass. 577.

2. The question as to whether plaintiff was warned was one of fact for the jury; citing *Beauchamp v. Mining Co.,* 50 Mich. 163.

CAMPBELL, J.   Mrs. Dehring sued defendants for personal injury caused by her being struck by a falling bundle or bale of hay, while she was passing defendants' barn.

The barn stands facing a public street in Alpena, and is close to the sidewalk. While a wagon, partly loaded with bales of hay, was standing, backed up, close to or partially over the sidewalk, waiting for its load, two men were engaged in the loft, getting the bundles ready. One rolled them forward from the back of· the loft, which was not very deep, and of the ordinary height of a barn loft from the ground, and the other put them out through a door or opening, so that they dropped on the sidewalk, without being lowered by tackle. Each bale was compactly put up with wire binding, and weighed about 140 pounds. A man named Truckey put each bale into the wagon, helped by two others.

Plaintiff, who was a washerwoman, living further out, was passing along the sidewalk, and intending to pass the barn. Her story is that she noticed nothing indicating any such danger as would exist from falling articles, and passed on without warning or suspicion of danger, until, just as she got opposite the door, a bale fell on her and threw her down, and temporarily made her senseless. She was helped into the barn, or near it, and soon revived and went home. The testimony on her part indicated that the injury had serious consequences, affecting her arm and her internal organs. The testimony was in direct conflict as to whether she was warned or put on her guard. She testifies positively that she saw and heard nothing which had any tendency to suggest danger. In this she is supported fully by one other witness, and partly by another. On the other hand, Mr. Truckey swore positively to using adequate, and what should have been effective, means to stop her from going forward. In this he is entirely corroborated by the hands helping him.

The jury found in plaintiff's favor. No point of law is taken on the damages. Objection was taken to some

testimony concerning plaintiff's previous activity and capacity for work, and in the course of it some facts came out about the size of her family. Nothing, however, seems to have been entirely irrelevant; and it does not appear that the court was called on to caution the jury about drawing wrong inferences from it. No exception to the charge covers any such point. The charge was fair and intelligible on the questions raised, and covered all that was essential. The issues were narrow, and involved, as usual, the alleged negligence of defendants and the conduct of plaintiff.

There was evidence of negligence in defendants' servants. The barn faced a public street, not solitary, and, if not constantly frequented, always liable to be so. How common a thing it is to throw hay-bales down from a loft, instead of lowering them with tackle or sliding them down, depends, probably, on circumstances. It is negligence to do this without first looking into the street and sidewalk, to see if any one is near by, and giving sufficient warning to prevent approach, before casting down what would be sure to do great harm to any one hit by it. The men in the loft do not appear to have given warning to passers-by. The question, therefore, became material whether any one else did. The only person claimed to have done so was Truckey; and, if he did what he said he did, there could no doubt of plaintiff's own recklessness in not heeding the warning. But upon this question the defendants presented to the jury a distinct request for a finding. The testimony was in direct conflict, and it was a proper inquiry. The jury found specially that no warning was given by Truckey, and this finding appears to settle that question. We have no power to review the finding, whatever we might think of it.

The only other consideration presented is whether plaint-

iff ought not to have been on the lookout without warn-ing. The court in the charge presented all the theories in the case to the jury; but it is claimed an instruction should have been given specially, as asked, based on a hypothesis that if she had seen other bales fall she should have been wary of this.

We do not find any testimony that she saw the fall of any other bales. They were not thrown down rapidly, but at intervals of some minutes; and, without some proof that she was where she could not well avoid seeing them, there could be no proper inference that she saw them. We find no evidence that she was where she could have seen them; still less that she probably saw them. The court was not called on to call the jury's attention to what was entirely outside of any testimony. She swears she saw nothing, and there is nothing to the con-trary. If defendants' testimony indicates anything, it is that plaintiff was walking along absorbed in thought, and not attentive to her surroundings. Had this been one of the usual dangers of city sidewalks, this, if true, might be open to comment. But there is nothing which would lead any one to suppose that she would not have got along well enough as against any other perils, and her own testimony shows no inattention.

The testimony cannot be harmonized. It is contradic-tory, both directly and circumstantially. The conflict was between witnesses who were necessarily in fault on one side or the other. The case involved facts, and not much law. The jury must decide such questions, and we find no sufficient ground of error in the law rulings.

The judgment should be affirmed, with costs.

The other Justices concurred.