## KOCHIN *v.* SUPERIOR COPPER CO.

1. MASTER AND SERVANT—MINES AND MINING—SAFE PLACE—PREPARING PLACE OF WORK.

   The rules relating to the obligation of a master to provide a reasonably safe place for his servants does not apply to a portion of a mine in which miners and trammers were jointly engaged in taking out ore from a stope, and in barring down rock after blasts so as to prepare a place to perform their work.

2. SAME—INSPECTION.

   Evidence being in dispute relative to the sufficiency of the inspection made in a stope of defendant's mine after blasting was done, and tending to show that the rock was unstable and full of cracks, and that the decedent, a trammer, had no duties in regard to such inspection, *held*, to present a question for the jury as to the matter of negligence.

3. SAME—REVERSIBLE ERROR—CONTRIBUTORY NEGLIGENCE—ISSUES FOR JURY.

   On the trial, the court erred in refusing a request of plaintiff's attorney to charge that there was no question of contributory negligence, when it appeared that defendant's counsel did not claim that the decedent was chargeable with negligence and the evidence raised an issue as to the sufficiency of the inspection only.

Error to Houghton; Cooper, J., presiding. Submitted April 30, 1914. (Docket No. 138.) Decided July 24, 1914.

Case by Steve Kochin, as administrator of the estate of Mike Kochin, deceased, against the Superior Copper Company for the negligent killing of decedent. Judgment for defendant. Plaintiff brings error. Reversed.

*Le Gendre & Driscoll*, for appellant.
*Rees, Robinson & Petermann*, for appellee.

BROOKE, J. Decedent, a man 26 years of age had been in this country about four years prior to the date of his death. During that period he had been employed in the business of mining, first as a drillboy and later as a trammer. On the day of his injury, he, with another laborer, was directed by the trammer boss to shovel ore in a certain stope. This ore had been blasted from the breast of the stope some eight days or two weeks prior thereto. The stope in question was reached by a chute or raise 15 or 20 feet in length which led from the level to the stope. The hanging wall in this particular stope as described by the witnesses was full of seams and slips, "choppy, of a grayish or talclike nature." There was testimony tending to show that if the loose chunks were barred down from it more loose chunks would appear in a short time. It was no part of the duty of the deceased or his fellow trammer to examine the hanging wall or to bar down loose or dangerous rock. That duty was imposed upon the miners. No blasting was done by the miners while the trammers were present. The last blast which had been exploded in this particular stope was set off on the preceding night. The two miners who were working in the stope and whose duty it was to inspect the wall gave testimony tending to show that they had made an

inspection of, and had barred down, loose rock from the hanging wall of the stope that forenoon some time between 7:30 and 10 o'clock.  The trammer boss assured the deceased and his partner that it was safe to go to work there.  At about 10 o'clock in the morning a large piece of rock weighing approximately a ton fell from a point in the hanging wall about 20 feet above the deceased, crushing him in such a manner that he died within a few hours thereafter.  It is claimed by the plaintiff that defendant was negligent in the following particulars:

(1) In not having so timbered and secured the hanging wall as to prevent rock falling to intestate's injury;  (2) in not warning deceased of the unsafe and unreliable nature and character of the rock in the hanging wall;  (3) failure to carefully, skillfully, and diligently test, inspect, and sound the hanging wall and bar down the loose rock therefrom;  (4) failure to furnish, provide, and maintain for intestate a reasonably safe place to work.

The errors relied upon are based solely upon alleged erroneous instructions given by the court to the jury.  A verdict having been rendered by the jury in favor of defendant, plaintiff reviews the case in this court by writ of error.

On an examination of the record, we are satisfied that the doctrine of safe place does not apply in this case.  The miners and the trammers were together jointly engaged in taking out the ore; that is, making a place, at least, in part.  *Andrews* v. *Mining Co.,* 180 Mich. 72 (146 N. W. 394).

The evidence as to whether or not the necessary inspection of the hanging wall was made upon the morning the rock fell was in conflict.  Upon this point, therefore, as affecting defendant's negligence, a question of fact was raised for the consideration of the jury.  The court in a very elaborate and careful charge, we think, properly instructed the jury upon

this and other questions involved in the case. There is, however, one point raised by the assignments of error which requires consideration. Plaintiff's tenth request was as follows:

"There is no evidence in this case of any contributory negligence on the part of intestate, and you will so find by your verdict."

This request was refused, and the court charged as follows:

"The plaintiff must do more than show that an accident happened. He must show that that was the direct and proximate result of negligence of the defendant, and he must show you that he himself was not guilty of contributory negligence; that is, negligence which did not contribute in the slightest degree to the accident. If he was guilty of any negligence, that would bar his recovery.

It was not the theory of the defendant that the plaintiff was guilty of any contributory negligence leading to the injury which caused his death. It was conceded that the duty of inspection rested upon the miners and the trammer boss; the contention being that that duty had been fully performed at the time of the injury. The question of plaintiff's contributory negligence being therefore eliminated from the case, as was conceded by defendant in the opening of counsel to the jury, we are constrained to say that it was reversible error on the part of the court to submit that issue to the jury. *Brower* v. *Edson*, 47 Mich. 91 (10 N. W. 121); *Dehring* v. *Comstock*, 78 Mich. 153 (43 N. W. 1039); 6 Thompson's Commentaries on the Law of Negligence, § 7906.

The other criticisms of the charge, we think, are not well grounded.

For the error pointed out, the judgment is reversed, and a new trial ordered.

McAlvay, C. J., and Kuhn, Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred.