SCHNEIDER *v.* LEVY.

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS.
Where allegations in defendant's affidavit of merits do not constitute sufficient defense, summary judgment should be entered for plaintiffs.

2. VENDOR AND PURCHASER—RIGHT OF VENDOR TO INSIST ON PAYMENT NOTWITHSTANDING OPTION TO FORFEIT.
Where there was absolute promise to make payments on part of vendees, vendors could insist on payments due thereunder, although they had option, in event of vendees' default, to declare contract ended and retain moneys paid thereon as stipulated damages.

3. SAME—NAKED ORAL PROMISE INVALID—CONSIDERATION.
Mere naked promise of vendor to extend time of payment due under land contract, resting in parol and without any consideration, is invalid.

4. CONTRACTS—UNCERTAINTY OF PERFORMANCE—VALIDITY.
Where time of performance is so uncertain that it may or may not arrive in distant future, contract is void for uncertainty.

5. VENDOR AND PURCHASER—ORAL PROMISE TO EXTEND TIME OF PAYMENT—UNCERTAINTY—VALIDITY.
Oral agreement to extend time of payment due under land contract until land was platted and sufficient lots sold to make

As to necessity of consideration for a subsequent agreement extending time of payment, see annotations in 52 L. R. A. (N. S.) 333; L. R. A. 1915B, 26.

such payment is void for uncertainty, even if consideration therefor may be inferred.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 8, 1931. (Docket No. 50, Calendar No. 35,676.) Decided December 8, 1931.

Assumpsit by John G. Schneider and another against Jacob J. Levy and others for payments due on a land contract. Summary judgment for plaintiffs. Defendants appeal. Affirmed.

*Hollis C. Martin,* for plaintiffs.

*George V. Lux,* for defendants.

BUTZEL, C. J. On May 1, 1925, plaintiffs John G. Schneider and wife, as vendors, entered into a land contract with defendants Jacob J. Levy *et al.,* as vendees, for the sale of 109 acres of land in the township of Troy, Oakland county, Michigan. The consideration was the sum of $10,000 paid at the time contract was entered into, and the further sum of $93,550, which vendees agreed to pay in installments of not less than $2,500, together with interest at the rate of 6 per cent., payable on November 1, 1925, and semi-annually thereafter, the entire sum to be fully paid within 10 years from the date of the contract.

Vendees further agreed to join with the vendors, provided they were not in default on the contract, in platting the premises, dedicating all requisite streets and alleys, and to release any lots in the plat on the payment of an amount certain per lot, such amounts to apply on the reduction of the principal but not upon the semi-annual payments provided for in the contract. The vendees agreed to make the payments. The contract also contained a general provision that,

in the event of default, the vendors immediately would have a right to declare the contract void and to retain whatever had been paid thereon together with any improvements as stipulated damages, and might consider and treat the parties of the second part as tenants holding over without permission and repossess themselves of the premises and remove defendants. Other clauses in the contract are not pertinent to the issue.

The vendees defaulted in serial payments after May 1, 1929. They, however, paid interest due from May 1 to November 1, 1929. On June 30, 1930, plaintiffs brought suit against defendants for the sum of $11,490.03, declaring on the contract and the common counts. Copy of contract was attached to the declaration. Defendants pleaded the general issue, claimed that provision for liquidated damages in the contract operated as a release in the event of default, and that there had been a waiver of performance of the contract by plaintiffs. Other defenses stated in the appeal appear to have been waived, as they are not included in the statement of questions involved and will not be considered.

Plaintiffs, on motion for summary judgment, claimed the amount of the payments that were past due on the contract together with interest, and asserted that defendants had no valid defense. The motion was accompanied by an affidavit of John G. Schneider, setting forth the facts alleged in the declaration, and further stating that an offer had been made to defendants that if they would pay $1,500 upon the principal amount which became due May 1, 1930, and all accrued interest to date, together with taxes, that plaintiffs would not insist upon immediate payment of the principal due May 1, 1929. Defendants Levy and Lux filed affidavits of merits, in which they claimed that the stipulated damages

clause in the contract released them from all further obligations to make payments, and also that plaintiffs had agreed that if defendants would cause the property to be surveyed, developed, and placed upon the market for sale, plaintiffs would postpone payments of the principal until such time as the lots in the subdivision were sold and the money for payments upon the principal would be sufficient to take care of the amounts due plaintiffs; that, relying upon such agreement, defendants proceeded to lay out money for the purpose of subdividing and developing this property, and caused certain portions of streets to be graded and graveled; that on May 1, 1930, payment of the interest had been tendered plaintiffs, who demanded payment of all the unpaid principal payments then due under the terms of the original contract.

Upon the hearing of the motion, the contract was introduced and testimony taken showing the amount due at that time. Summary judgment was entered in favor of plaintiffs against defendants in the sum of $11,340.52. The latter appeal, and claim that the affidavits of merits, and amendments thereto set up a meritorious defense, and that plaintiffs are not entitled to a summary judgment under the circumstances.

If the allegations in the defendants' affidavits of merits do not constitute a sufficient defense, it would be proper for the court to enter a summary judgment for plaintiffs. *Jones* v. *Wayne Circuit Judge,* 253 Mich. 515. It was optional on the part of vendors in the event of a default to declare the contract at an end and retain the moneys paid thereon as stipulated damages, or to treat the contract as being in full force and insist upon the payments that the vendees specifically agreed to make. There was an absolute promise to make the payments on the part

of the vendees. The vendors were not obliged to terminate the contract. They could insist upon the payments due thereunder, but if they terminated the contract on account of defendants' default, then they could retain the amounts paid in and the improvements on the property as stipulated damages.

The claim that vendees were promised an extension of time for the payment of the balance of the principal until the lots were sold in consideration of the surveying, platting, and improving of the property is also untenable. The mere naked promise of the vendor in the land contract to extend the time of payment resting in parol and without any consideration is invalid. *Bartlett* v. *Smith,* 146 Mich. 188 (117 Am. St. Rep. 625). There is no claim that there was any written agreement of any kind to extend the time of payment. Under the contract the vendors agreed to join in the platting of the property. It was for the sole benefit of the vendees and not of the vendors that the property was to be subdivided and improved. Even, however, if a consideration can be inferred, the alleged agreement would be void for uncertainty. Where the time of performance is so uncertain that it may or may not arrive in the distant future, the contract is void for uncertainty. *Hall* v. *First National Bank,* 173 Mass. 16 (53 N. E. 154, 44 L. R. A. 319, 73 Am. St. Rep. 255); *Thompson* v. *Gortner,* 73 Md. 474 (21 Atl. 371); *Erwin & Williams* v. *Erwin,* 25 Ala. 236. In *Davie* v. *Lumberman's Mining Co.,* 93 Mich. 491 (24 L. R. A. 357), we held that a promise to work a mine as long as it could be made to pay was not enforceable because of uncertainty.

The judgment is affirmed, with costs to plaintiff.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.