MERVEZ v. PETCHESKY.

1. VENDOR AND PURCHASER—DEFAULT—NOTICE OF FORFEITURE—
   SUMMARY PROCEEDINGS—DIRECTED VERDICT.
   In summary proceedings by vendors to recover possession of
   land sold under land contract, on ground of vendees' default
   in payments, . vendees were entitled to directed verdict, in
   absence of proof of notice of forfeiture.

2. SAME—ORAL AGREEMENT VOID FOR WANT OF CONSIDERATION.
   Oral agreement by vendors to extend time of payment under
   land contract until repairs to buildings were completed, if
   made, was invalid for want of consideration.

Appeal from Wayne; McMahon (Maurice H.), J.
Submitted June 7, 1932. (Docket No. 24, Calendar
No. 36,091.) Decided September 16, 1932.

Summary proceedings by Minnie O. Mervez and
another against Joseph Petchesky and another to
recover possession of land sold under a land con-
tract. Directed verdict and judgment for plaintiffs.
Defendants appeal. Reversed, and new trial
granted.

*Joseph R. Leemon* and *Isadore Starr,* for plain-
tiffs.

*Benjamin B. Gordon,* for defendants.

McDONALD, J. This is an appeal from a circuit
court judgment in summary proceedings. The
plaintiffs are vendors in a land contract. The de-
fendants are the vendees. The premises were im-
proved with buildings. There was a loss by dam-
age from fire. The loss was adjusted at $1,312.91

and a check therefor given to the parties to be applied "as their interests may appear." It was agreed that the money should be used in repairing the building. The defendants claim that it was also agreed that payments on the land contract should be deferred until the building was -repaired. Pur-. suant to agreement, the insurance money was placed in the hands of Miss Davidow, an attorney, with authority to pay it to the contractor as the repairs on the building progressed. By presenting a false affidavit to Miss Davidow, the contractor succeeded in getting the money from her without having made the repairs. The defendants defaulted in their payments on the contract, and the plaintiffs began summary proceedings. In the commissioner's court the judgment was in favor of the defendants. The plaintiffs appealed to the circuit court, where the issue was tried before the court and a jury. At the conclusion of the plaintiffs' case, the defendants moved for a directed verdict on the ground that there was no evidence in proof of a service of the notice of forfeiture. The motion was refused, and defendants went forward with their defense. After the opening statement of counsel to the jury, the court directed a verdict in favor of the plaintiffs, on the theory that the defenses outlined in the opening statement were not available to the defendants in a suit for summary proceedings. From the judgment entered the defendants have appealed.

The defendants were entitled to a directed verdict at the close of the plaintiffs' case. There was no evidence of service of the notice of forfeiture. The court permitted the plaintiffs to reopen their case to make the necessary proof. They then introduced in evidence the files and records of the case in the commissioner's court, after which the court denied

the motion to direct a verdict. The commissioner's files contained no affidavit of service and no other proof was offered. The court ought to have granted the defendants' motion to direct a verdict in their favor.

The defendants claimed they were not in default in their payments on the contract because the plaintiffs orally agreed to extend the time of payment until after the repairs on the building were completed and that they had not been completed at the time of suit. Such an agreement if made was invalid. It was without consideration. It was solely for the defendants' benefit. It was made, defendants claim, because they were not able to make their payments except from the income of the property, and there would be no income until the repairs were completed. The agreement was unenforceable. *Schneider* v. *Levy,* 256 Mich. 184.

No other material questions are likely to arise on a new trial. Because the court erred in refusing to direct a verdict for the defendants at the close of the plaintiffs' case, the judgment is reversed, and a new trial granted, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.