TERRE HAUTE BREWING COMPANY, INC., v. GOLDBERG.

1. JUDGMENT—SUMMARY JUDGMENT—COURT RULES—STATUTES.
   Since the granting of a summary judgment is an unusual remedy the prescribed procedure must be strictly followed and a failure by either party to follow the prescribed procedure will preclude the granting of a motion for summary judgment or the substantiation of a claim of defense (Court Rule No. 30 [1933]; 3 Comp. Laws 1929, § 14260).

2. SAME—AFFIDAVITS SUPPORTING MOTION FOR SUMMARY JUDGMENT—
COMMON COUNTS.

   Under declaration based on common counts, plaintiff's affidavit
   in support of motion for summary judgment stating a certain
   sum to be due need not state the manner in which the amount
   was computed (Court Rule No. 30 [1933]; 3 Comp. Laws 1929,
   § 14260).

3. SAME—COMMON COUNTS—STATEMENT OF FACT IN AFFIDAVIT SUP-
PORTING MOTION FOR SUMMARY JUDGMENT.

   Statement in affidavit in support of motion for summary judg-
   ment under declaration containing the common counts, that
   indebtedness arose out of the purchase of merchandise and
   products mentioned in affidavits and exhibits attached thereto,
   is a statement of fact and not a conclusion (Court Rule No. 30
   [1933]; 3 Comp. Laws 1929, § 14260).

4. SAME—ISSUE OF FACT PRECLUDES ENTRY OF SUMMARY JUDGMENT.
   If there is an issue of fact as to amount of debt due in an action
   on the common counts, a plaintiff would not be entitled to a
   summary judgment (Court Rule No. 30 [1933]; 3 Comp. Laws
   1929, § 14260).

5. SAME—AFFIDAVIT OF MERITS—CONCLUSIONS—FAILURE OF DEFENSE.
   In action on the common counts wherein plaintiff sought a sum-
   mary judgment for a specified sum where defendant's affidavit
   of merits denied existence of indebtedness solely because he
   had a set-off in an amount in excess of plaintiff's claim, the
   denial was a conclusion based solely on the ground of the spe-
   cial defense and requires entry of summary judgment if the
   defense fails (Court Rule No. 30 [1933]; 3 Comp. Laws 1929,
   § 14260).

6. FRAUDS, STATUTE OF—ORAL RENEWAL OF WRITTEN AGREEMENT FOR
TWO YEARS.

   An oral agreement to renew a written contract for period of two
   years is within the statute of frauds and void (3 Comp. Laws
   1929, § 13417).

7. JUDGMENT — SUMMARY JUDGMENT — COUNTER SHOWING — AFFI-
DAVITS—UNSWORN PLEADING.

   In action by foreign corporation on common counts to recover
   balance due for products purchased by defendant under written
   contract where affidavit in support of plaintiff's motion for
   summary judgment stated goods were sold f. o. b. city in an-
   other State and transported by defendant, denial of such fact

in defendant's unsworn answer cannot be considered in support of defendant's opposition to summary judgment (Court Rule No. 30 [1933]; 3 Comp. Laws 1929, § 14260).

8. PLEADING—AMENDMENTS—DISCRETION OF COURT.

The allowance of amendments to pleadings is discretionary with the trial court and no written or formal application to amend is necessary (Court Rule No. 25 [1933]).

9. SAME—AMENDMENT TO INCORPORATE DEFENSE OF STATUTE OF FRAUDS.

In action on common counts for debt due plaintiff under written contract, court's allowance of amendment to plaintiff's reply, after motion for summary judgment had been filed and argued, so as to include defense of statute of frauds to defendant's claim of set-off and recoupment was proper where facts constituting such defense appear affirmatively in defendant's answer and affidavit of merits and defendant made no claim of surprise (3 Comp. Laws 1929, § 13417; Court Rule No. 25 [1933]).

Appeal from Wayne; Skillman (W. McKay), J., presiding. Submitted October 12, 1939. (Docket No. 130, Calendar No. 40,610.) Decided December 19, 1939.

Assumpsit by Terre Haute Brewing Company, Inc., an Indiana corporation, against A. Goldberg, doing business under an assumed name as Detroit Ale Distributing Company, for sums due on accounts. Set-off and recoupment by defendant. From order granting plaintiff summary judgment, defendant appeals. Affirmed.

*Rosenburg, Painter & Cristy,* for plaintiff.

*David I. Hubar* (*Milton M. Maddin* and *Sidney C. Bernstein,* of counsel), for defendant.

CHANDLER, J. The plaintiff, Terre Haute Brewing Company, Inc., is an Indiana corporation and the

defendant, Goldberg, is a resident of Detroit, Michigan, doing business as the Detroit Ale Distributing Company.

On April 20 or 29, 1936, according to the defendant, or on June 18th, which is the date set forth in the contract, the parties entered into a written agreement whereby the defendant was to be the sole distributor of the plaintiff's products in this State. This agreement was to be effective for a period of two years from the date of its execution.

In pursuance of the agreement, the defendant purchased various products from plaintiff, the same being sold to defendant f. o. b. Terre Haute, Indiana. A supplemental written agreement was entered into a few months later, providing for the securing and payment of a past due account and the continuation of the prior written agreement, but not for any extension thereof.

Plaintiff filed its declaration based on the common counts on July 16, 1938, alleging that defendant was indebted to it in the sum of $9,030.23. Defendant's answer denied the indebtedness and claimed that plaintiff was a foreign corporation doing business in this State without complying with the statutes relative to its right so to do. Attached to the answer was a claim of set-off and recoupment alleging that in April, 1938, plaintiff and defendant entered into negotiations and that he and the duly authorized officers of the corporation "*orally* agreed between them * * * to extend the term of said contract, Exhibit A, for an additional two-year period upon the same terms." The notice of set-off and recoupment alleges breaches of this oral agreement and claims damages in the sum of $100,000. Plaintiff made a demand for a bill of particulars of defendant's claimed set-off and recoupment, but none was ever filed by defendant.

In its reply, plaintiff admits that defendant requested an extension of the agreement, but denies that any oral or written extension thereof was made.

On September 18, 1938, plaintiff filed a motion for summary judgment, having attached thereto an affidavit by Edward Baur, its treasurer, who had entered into the written agreements with defendant. The affiant states: that there was no renewal of the two-year agreement; that defendant was indebted to the plaintiff for merchandise and products in the sum of $9,030.23; that there was no valid set-off or counterclaim in favor of Goldberg; that he believed there was no defense to plaintiff's cause of action, and that he could testify competently to these facts if sworn as a witness. Defendant's affidavit of merits filed October 3, 1938, denies the indebtedness and repeats the facts on which he bases his set-off and counterclaim.

The motion for summary judgment was argued and taken under advisement by the trial court. Plaintiff filed a brief in support of the motion in which it asked leave to amend its reply to include the defense of the statute of frauds (3 Comp. Laws 1929, § 13417 [Stat. Ann. § 26.922]) to defendant's claim of set-off and recoupment. Permission to amend and plaintiff's motion for summary judgment were granted by the trial court.

It is from this order of the court granting the motion for summary judgment, and the summary judgment entered in pursuance thereof, and the order granting plaintiff the right to amend, that defendant takes this appeal.

The questions involved are:

1. Was the plaintiff's affidavit supporting the motion for summary judgment sufficient to sustain such judgment?

2.   Was the procedure allowing the amendment to plaintiff's pleading proper?

In attacking plaintiff's affidavit, defendant claims that it alleged no facts but only conclusions.   Court Rule No. 30 (1933) requires that "the affidavit verifying the plaintiff's cause of action shall be made on the personal knowledge of the affiant; shall set forth with particularity the facts upon which the plaintiff's cause of action is based, * * * shall not consist of conclusions, but of such facts as would be admissible in evidence."   See, also, 3 Comp. Laws 1929, § 14260 (Stat. Ann. § 27.989.)

The granting of a summary judgment is an unusual remedy and the prescribed procedure must be strictly followed.  As stated in *Gloeser* v. *Moore,* 284 Mich. 106:

"A failure by either party to follow the procedure prescribed will preclude the granting of a motion for summary judgment or the substantiation of a claim of defense."

The first allegation, which defendant claims is a conclusion, is that defendant is indebted to plaintiff in the sum of $9,030.23.   The declaration is based on the common counts, and it is not necessary to state the manner in which the amount was computed.   However, upon examining the supporting affidavit, it is clear that the indebtedness was "on account of the purchase of merchandise and products mentioned in this affidavit and in the agreements Exhibits A and B."   The affidavit closes with the provision held to be mandatory in *Gloeser* v. *Moore, supra,* with the statement,

"That this affidavit is made upon the personal knowledge of your deponent and that your deponent if sworn as a witness could testify competently thereto in all respects."

The statement that the indebtedness arose out of the purchase of merchandise and products is a statement of fact and not a conclusion and it is clear that the affiant could testify to the particular transactions and invoices out of which the indebtedness arose.

The defendant further claims that there is an issue of fact presented as to whether or not defendant is indebted to the plaintiff in the amount of $9,030.23. If there is such an issue of fact, plaintiff cannot recover on a summary judgment in view of *Dempsey* v. *Langton,* 266 Mich. 47:

"This court has repeatedly held that it is improper to grant a summary judgment where there is a dispute as to the facts."

The only statement in the defendant's affidavit of merits in respect to plaintiff's claim is, "That he is not indebted to the plaintiff, Terre Haute Brewing Company." There is no denial of the affidavit filed by plaintiff that Goldberg had made numerous promises to pay the sum of $9,030.23 and up to the time of suit had not disputed the amount set forth.

In considering defendant's affidavit as a whole, as well as his answer, claim of set-off and recoupment, it is clear that there is no issue as to the existence of the claim, and that the denial of the indebtedness is based only upon the claim that defendant's set-off exceeds the amount of the indebtedness owing to plaintiff. His denial is a conclusion and is based solely on the ground of his special defense. If that defense fails, judgment must be entered for plaintiff. *Jones* v. *Wayne Circuit Judge,* 253 Mich. 515; *Schneider* v. *Levy,* 256 Mich. 184.

The set-off and recoupment is based on an oral agreement to renew a contract for two years. The agreement is within the statute of frauds (3 Comp.

Laws 1929, § 13417 [Stat. Ann. § 26.922]), and void. *Shotwell* v. *Physician's Stationery Co.*, 220 Mich. 695.

If this were the only point at issue, the defendant's contention would be settled at once by the ruling in *Schneider* v. *Levy, supra.* In that case the court said:

"If * * * defendants' affidavits of merits do not constitute a sufficient defense, it would be proper for the court to enter a summary judgment for plaintiffs."

There is one point which comes close to being an issue of fact. Defendant, in his answer, not under oath, alleged that plaintiff was doing business in the State without having secured the proper authorization required of foreign corporations. In plaintiff's reply, this is denied. Defendant made no mention of this fact in his affidavit of merits, and the plaintiff, in his supporting affidavit, shows that all goods were sold f. o. b. Terre Haute, Indiana, and transported by defendant. Defendant's only denial is a mere conclusion in his unsworn answer. The case of *Andrews* v. *Pfent,* 280 Mich. 324, is controlling. In that case, plaintiff sued on a note, and made a motion for summary judgment. Defendant filed an affidavit of merits claiming that there was an agreement reached between plaintiff and defendant on an account stated. No consideration was shown by defendant and the court denied this claim. Another claim was made by defendant in an amended plea, but as to these the court said:

"Some details of defendant's claim appear in his amended plea; but his plea is not under oath and therefore cannot be considered in support of defendant's opposition to summary judgment."

The second question to be determined concerns the validity of the trial court's procedure in allowing plaintiff to amend its reply to include the defense of the statute of frauds to defendant's set-off and recoupment claim. This defense was not included in plaintiff's reply, and there was no request for leave to amend until after the motion for summary judgment was filed and argued. Leave to amend was granted by the court, and the amended reply was filed accordingly. The brief of defendant cites rules and cases which sustain the principle that the statute of frauds must be specially pleaded. In those cases, however, no affirmative defense was interposed at any time during the case. These cases cannot apply to this case where an amended plea was ultimately filed.

Defendant cites Court Rule No. 25 (1933), which provides:

"Upon the application of either party, the court or judge may, upon reasonable notice and such terms as are just, permit him to file and serve an amended or supplemental pleading."

There is nothing in the rule to indicate at what point in the trial of a law suit the court will not be permitted to allow an amended plea. The only condition placed upon the court's discretion in this matter is that it shall be "upon reasonable notice and such terms as are just."

Cases have been cited by appellee indicating that amended pleas have been permitted at all stages of the proceedings. In one instance, an amendment was allowed after judgment. *Arnold* v. *Brechtel,* 174 Mich. 147. In the same case, the court said: "The allowing of the amendment was discretionary * * * and we will not review it."

No written application to amend is required by the rule, nor is a formal motion necessary as defendant claims.

In *Lippman* v. *Hunt*, 249 Mich. 86, the trial court, in denying a motion for summary judgment, permitted the defendants to amend their pleadings to set forth their defenses in notices of special defense. These were filed after the court rendered judgment. In regard thereto, we said:

"The action of the circuit judge in denying the motion for summary judgment and permitting the defendants to file notices of their special defenses was proper."

This case clearly answers defendant's claims as to the propriety of the trial court's action.

The trial court clearly answered defendant's contention when he said:

"However, the facts which constitute this defense appear affirmatively in the language used in the claim of set-off and recoupment attached to defendant's answer, and likewise in defendant's affidavit of merits, and the defendant makes no claim of surprise with which the above court rule is principally concerned."

With reference to allowing the amended plea, he correctly said:

"Counsel for defendant have made no objection to this request although ample time has been available. In the absence of any question of surprise and under the broad terms of the statutes dealing with amendments, the court believes that a proper precedent for permitting such an amendment at this time is found in the case of *Lippman* v. *Hunt*, 249 Mich. 86."

Plaintiff has supported its motion with an affidavit presenting a clear statement of its action and de-

fendant has set up neither a valid issue of fact nor a valid defense. The claim of set-off and recoupment was barred by the statute of frauds and the pleadings were regular.

Judgment affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH and McALLISTER, JJ., concurred.