PEOPLE, *ex rel.* THORNTON CONSTRUCTION CO., INC., *v.* UNITED STATES FIDELITY & GUARANTY COMPANY.

1. JUDGMENT—SUMMARY JUDGMENT—GENUINE ISSUE OF FACT.

Failure of complaint and plaintiff's affidavits supporting motion for summary judgment to specify exact date that materials for highway construction were last supplied by plaintiff subcontractor, in action against surety of contractor on bond, *held,* not to raise a genuine issue of material fact, whether statute requiring notice of claim against contractor to be served within 60 days after the furnishing of last materials had been complied with, where the complaint alleged that a notice of lien as required by the statute was made, and the allegation was admitted by answer (CL 1948, § 570.102; GCR 1963, 117.2[3]).

2. SAME—SUMMARY JUDGMENT—GENUINE ISSUE OF FACT—AFFIDAVITS.

Whether plaintiff highway subcontractor had paid for all materials, supplies, and labor furnished under its subcontract with highway contractor, *held,* not to present a genuine issue of material fact on motion by plaintiff for summary judgment against defendant surety of contractor, where complaint alleged payment, which was neither admitted nor denied by answer, supporting affidavits of plaintiff's controller and president asserted payment, and no counteraffidavits or other evidence contradicting plaintiff's affidavits were offered by defendant (CL 1948, § 570.102; GCR 1963, 117.2[3]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 41 Am Jur, Pleading §§ 340–343.
[4] 50 Am Jur, Suretyship § 135.
[5] 50 Am Jur, Suretyship §§ 135, 138.
[6] 50 Am Jur, Suretyship §§ 138, 190.
[7, 8] 41 Am Jur, Pleading §§ 340–343; 50 Am Jur, Suretyship §§ 135, 138,

3. SAME—SUMMARY JUDGMENT—GENUINE ISSUE OF FACT.

Amount owed to plaintiff subcontractor by highway contractor for performance of highway subcontract *held*, not to be a genuine issue of material fact in motion by plaintiff for summary judgment against defendant surety of contractor, where complaint claimed $19,610 was due, answer stated that exact amount had never been determined or audited, no defense was asserted against the amount claimed, defendant's president admitted that more than $19,000 was due plaintiff if a certain claimed setoff was disregarded, and defendant surety was not entitled to the setoff, which was the subject matter of another action (CL 1948, § 570.102; GCR 1963, 117.2[3]).

4. PRINCIPAL AND SURETY—DEFENSES AVAILABLE.

A surety ordinarily may avail himself of any defense which his principal may have except those clearly personal to the principal or those which the principal has waived or precluded himself from urging.

5. SAME—DEFENSES AVAILABLE.

A surety cannot, when sued alone by a creditor of his principal, avail himself of a claim of his principal against the creditor where he has no interest in the claim, in the absence of a statute permitting it, except on the insolvency of the principal or creditor, or unless the principal consents thereto, and it has been assigned to the surety.

6. SAME—DEFENSES AVAILABLE.

A principal may intervene and set off a debt in an action against his surety alone, and a surety sued alone may set off a credit due the principal where the principal has been made a party by cross-complaint and both he and the creditor have consented to the adjudication of the credit, but the claim of the principal must be due and be a liquidated demand.

7. JUDGMENT—SUMMARY JUDGMENT—PRINCIPAL AND SURETY—DEFENSES AVAILABLE.

Claim by defendant, surety for principal contractor with whom plaintiff had subcontract for construction of public highway, that trial court erroneously granted summary judgment to plaintiff because answer of defendant surety alleged that the principal contractor had a claim against plaintiff exceeding the amount of plaintiff's claim *held*, without merit, where the principal was not a party to the suit, there was no allegation that the principal had consented to presentment of the claim or assigned it to defendant, and the counterclaim,

not liquidated, was the subject of a separate action between the principal and plaintiff (CL 1948, § 570.102; GCR 1963, 117.2[2], 117.2[3]).

8. SAME—SUMMARY JUDGMENT—GENUINE ISSUE OF FACT—VALID DEFENSES.

Summary judgment for plaintiff in action against defendant, surety for principal contractor with whom plaintiff had subcontract for construction of public highway *held*, proper, where the pleadings of the parties and the uncontroverted affidavits of plaintiff established that there was no genuine issue as to any material fact and that defendant had stated no valid defense to plaintiff's claim (CL 1948, § 570.102; GCR 1963, 117.2[2], 117.2[3]).

Appeal from Mackinac; Glennie (Phillip J.), J. Submitted Division 3 May 11, 1967, at Marquette. (Docket No. 2,436.)   Decided November 30, 1967.

Complaint by the People, for the use of Thornton Construction Co., Inc., a Michigan corporation, against the United States Fidelity & Guaranty Company, surety of Alpine Construction Co., for sums allegedly due plaintiff from Alpine under the provisions of a subcontract between plaintiff and Alpine. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Norman McLean,* for plaintiff.

*Brown & Brown,* for defendant.

HOLBROOK, J.   Plaintiff, Thornton Construction Co., Inc., of Hancock, Michigan, entered into a subcontract with Alpine Construction Co. (Alpine) of St. Ignace, Michigan, to lay a bituminous road surface in Chippewa county, Michigan.   Alpine had previously contracted with the State highway commission for the construction of a public road in

Chippewa county. Defendant, United States Fidelity & Guaranty Company, surety of Alpine for the benefit of the State of Michigan and plaintiff, issued performance and lien bonds.

In September, 1963, plaintiff last furnished labor, materials and supplies for the job. The work was thereafter accepted by the Michigan State highway department. Suit against defendant surety was commenced in Ingham county circuit court on March 16, 1964, for $20,210 by plaintiff following Alpine's refusal to pay.

Defendant answered plaintiff's complaint. Thereafter a change of venue was ordered transferring the case from Ingham county to Mackinac county. The change in venue took place because a claimed related case, that of Thornton Construction Co., Inc., *v.* Mackinac Aggregates Corporation was pending in Mackinac county.

A deposition, to be used in both cases, was taken by plaintiff on January 21, 1965, of Peter J. Della-Moretta, president of Alpine.

A motion for summary judgment,[1] with supporting affidavits and the deposition of Mr. Della-Moretta, was filed by plaintiff April 23, 1965. Defendant did not answer plaintiff's motion for summary judgment but opposed granting the same at the hearing held June 8, 1965. Summary judgment was awarded plaintiff in the amount of $19,610, and filed July 1, 1965. Defendant then filed a motion to set aside the summary judgment which was denied. Defendant has appealed to this Court, raising 2 questions as follows: (1) Did defendant's answer state a valid defense to the claim asserted by plaintiff? (2) Did

---

[1] The grounds asserted for summary judgment were: (1) no valid defense to the claim had been stated (GCR 1963, 117.2[2] and (2) no genuine issue as to any material fact including damages of $19,610 (GCR 1963, 117.2[3]).

defendant's answer raise a genuine issue of fact and law in controversy?

We deem it proper to deal with the questions together for obvious reasons.

Defendant, in support of its position, sets forth 4 claimed conditions that raise issues to be determined on the merits.

1. The date plaintiff last furnished materials is not contained in plaintiff's complaint or affidavits.

Plaintiff's complaint stated September of 1963 as the date materials were last supplied under its contract with Alpine. Defendant contends that since plaintiff must file his notice of claim within 60 days of such date,[2] the failure to supply the exact day presents a vital issue going to the foundation of plaintiff's cause of action. However, paragraph 6 of plaintiff's complaint states as follows:

"A notice of lien as required by the statute in such case made and provided, being specifically CL 1948, § 570.102 (Stat Ann 1953 Rev § 26.322), was made by the Thornton Construction Co., Inc., and a copy thereof was served on the defendant by mail by the Michigan State highway department."

Defendant's answer states in response to plaintiff's paragraph 6 as follows: "Admits the allegations of paragraph 6."

---

[2] CL 1948, § 570.102 (Stat Ann 1953 Rev § 26.322) states in part as follows:

"All others, excepting those furnishing labor, relying upon the security given by the principal contractor, *shall within 60 days after furnishing the last material or supplies,* serve a written notice in duplicate upon the board of officers or agents contracting on behalf of the State, county, city, village, township, or school district as aforesaid, that such contractor or subcontractor is indebted to them in a specified amount or for the furnishing of certain specified materials or supplies on account of such contract, and the said board of officers or agents shall within 10 days thereafter furnish a copy of such notice to the sureties for the principal contractor." (Emphasis supplied.)

The allegations set forth in paragraph 6 of plaintiff's complaint alleged in effect that the notice in question was served within 60 days as required by the statute. The answer admitting the same renders the first claimed condition of defendant moot.

2. Plaintiff's allegations in its complaint of payment for all materials, supplies, and labor furnished under the contract, were neither admitted nor denied by defendant in its answer.

With its motion for summary judgment, plaintiff submitted affidavits of its controller and president to the effect that all parties and persons furnishing materials, supplies, and labor had been paid. Defendant failed to produce counter-affidavits or other evidence contradicting the affidavits of plaintiff. In the absence of such, the trial court was justified in accepting the facts stated by plaintiff as true. *Dionne* v. *Pierson Contracting Company* (1965), 2 Mich App 134; *Beck* v. *Delta Recreation Corporation* (1966), 2 Mich App 518; *Durant* v. *Stahlin* (*Appeal in re Van Dusen, Elliott, Romney*) (1965), 375 Mich 628.

3. The amount Alpine owed plaintiff was in contest.

The bituminous road surfacing was done on a unit basis. Defendant's answer neither admitted nor denied plaintiff's claim of $19,610 but stated the exact amount had never been completely determined or audited. Defendant fails to state any defense against the amount claimed and apparently its questioning of the claim rests on an asserted counterclaim (a setoff under former practice) of Alpine. See *Terre-Haute Brewing Company, Inc.,* v. *Goldberg* (1939), 291 Mich 401, 406, 407.

Mr. Della-Moretta, president of Alpine, refers in his deposition to the debt owing plaintiff as follows:

"*Q*. Does the Alpine Construction Company still owe Thornton approximately $20,000 for subcontract work?

"*A*. I think it is all in the record, isn't it, Mr. Brown? Is it all right for me to answer that question?

"*Mr. Brown:* Yes.

"*Q*. (*By Mr. McLean*) I am asking you the question, Mr. Della-Moretta.

"*A*. Well, I have an attorney, so naturally I have to consult him occasionally. I think it is correct that the work amounted to a little over $19,000, although I don't know the exact figure, for which Alpine Construction Company has withheld payment because of this difficulty that Thornton Construction Company has with the Mackinac Aggregates Corporation.

"*Q*. Is there any other reason for having withheld payment?

"*A*. No; no other reason.  *  *  *

"*Q*. And if you disregard the relationship with Mackinac Aggregates, do you admit that this money is due and owing by Alpine to Thornton Construction Company?

"*A*. Yes; I do."

The admission showing a debt of over $19,000, although not being exact, presents no legal problem to the granting of summary judgment where the amount is the only subject of controversy. GCR 1963, 117.2(3).

4. Defendant asserted a counterclaim, an affirmative defense, arising out of claimed sums owing by plaintiff to Mackinac, "a solely controlled and owned subsidiary" of Alpine.

72 CJS, Principal and Surety, § 255, p 703, states as follows:

"A surety ordinarily may avail himself of any defense which his principal may have except those

purely personal to the principal *or those which the principal has waived or precluded himself from urging.*" (Footnotes omitted.) (Emphasis supplied.)

Similar language from 50 CJ, Principal and Surety, § 329, p 194 was quoted in *Hurst v. Charron* (1934), 267 Mich 210, 215.

In the instant case, and *assuming* defendant's contention that Mackinac is a "solely controlled and owned subsidiary" of Alpine, we discover defendant claiming a defense which its principal, Alpine, has *precluded itself from urging; i.e.,* the asserted counterclaim is the subject matter of another suit. Alpine, through its alleged control of Mackinac elected to counterclaim in the suit of Thornton Construction Co., Inc., *v.* Mackinac Aggregates Corporation.

In considering suits against the surety alone (as in the instant case), 72 CJS, Principal and Surety, § 260(b), pp 705, 706, reads in part as follows:

"In accordance with the rule that defenses available to the principal are likewise available to the surety, it has been held that a surety, when sued alone, may set off any claim which the principal may set off against the demand of the creditor; and this privilege is secured to the surety by force of some statutes. *It is, however, generally held that, in the absence of a statute permitting it, a surety cannot, when sued alone, avail himself of a claim of the principal against the creditor where he has no interest in the claim except* on the insolvency of the principal or the creditor, or unless *the principal consents thereto, and it has been assigned to the surety.* It has been held that the assignment must have been made before the suit is brought. The principal may intervene and set off a debt in an action against the surety alone, and a surety sued alone may set off a credit due the principal where the principal has been made a party by cross-complaint and both he and the creditor have consented to the adjudication of the

credit. * * * The claim of the principal must be due and be a liquidated demand." (Footnotes omitted.) (Emphasis supplied.)

Nowhere in its pleadings does defendant allege consent and assignment by Alpine of the claimed counterclaim; Alpine has not intervened nor has defendant requested Alpine to be made a party to the suit; and the asserted counterclaim is not a liquidated demand for it is the subject of a separate suit against Alpine's "subsidary" which has not as yet been finally determined. The defendant's attempt to counterclaim could not properly be asserted as a defense in the instant suit for the reasons herein stated. Summary judgment was properly entered against defendant by the trial court.

Affirmed. Costs to plaintiff-appellee.

FITZGERALD, P. J., and BURNS, J., concurred.