MONYHAN *v.* DETROIT & SALINE PLANK-ROAD CO.

1. HIGHWAYS — INJURY TO TRAVELER—NEGLIGENCE—PROXIMATE CAUSE.

Plaintiff sued for injuries sustained by the upsetting of a sleigh on which he was riding over defendant's road. On the trial it appeared that, to avoid snowdrifts in the road, one runner of the sleigh was driven on the ends of the ties of an electric railway, which projected into the roadway above its surface, and that, the other runner dropping into a hole in the roadway, the sleigh was overturned. *Held,* that, if the driver was acting as a reasonably prudent man should act under the circumstances, the fact that the accident would not have occurred, except for the snowdrifts or the driving on the ties, would not prevent a recovery.

2. WITNESSES—CREDIBILITY—EVIDENCE.

A witness in a personal injury case, who testifies that he was not hurt in the accident, cannot be asked on cross-examination if he did not allege to the contrary in his declaration in a like suit, nor can the files and judgment in such suit be introduced in evidence; but he may be questioned as to the testimony given by him in such suit.

3. APPEAL—BRIEFS—MATTERS CONSIDERED.

A report of the weather bureau, dated more than a year after the trial of a case, and not included in the bill of exceptions, is improperly incorporated into the brief of counsel, and will not be considered.

Error to Wayne; Waite, J. Submitted January 28, 1902. Decided March 4, 1902.

Case by John Monyhan against the Detroit & Saline Plank-Road Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Hamilton Baluss*, for appellant.

*Edward M. Vining*, for appellee.

MOORE, J. Plaintiff recovered damages claimed to have been sustained by the tipping over of a sleigh upon which the plaintiff was riding; the team attached being driven by one Walter Carver, his employer. The sleigh was loaded with a log of about 400 feet, board measure. His claim is that the north part of the traveled portion of the road was filled, and had been for several days, with snow-drifts, which the witnesses state to have been from 3 to 9 feet high, to avoid which it was necessary to drive so that the runners of the sleigh were driven upon the ties of an electric road, which ties projected into the roadway a foot or 18 inches, and were 6 or 8 inches above the level of the road, the snow coming upon the edge of the ties; that the north runners of the sleigh dropped into a hole 10 or 12 inches deep, causing the sleigh to tip over. The plaintiff recovered a judgment for $100. The defendant has brought the case here by writ of error.

Upon the trial no testimony was offered by the defendant. In his charge to the jury, the court, among other things, after stating the claims of the respective parties, said:

"It was the duty of the defendant to keep this road in a reasonably safe condition for travel of vehicles in summer and in winter. They should have kept it reasonably safe. If the railroad company is there, I take it, it is a subsequent servitude upon the highway; and I think I ought to charge you, and I do charge you, that, if they are there, they are there by the consent of the plank-road company, and the fact of their being there does not exon-

erate or relieve the plank-road company in any way from its obligation to the public to keep the highway, and the beaten track thereof, which they have held out to be the driveway or roadway of their company, in a reasonably safe condition for vehicles to pass over, and vehicles and teams such as this was. So, if you find there was negligence upon the part of the defendant, and there was no negligence on the part of the plaintiff, or the one driving the horses; that he acted in a reasonable and prudent way,— in such a way as a reasonably prudent man would act under all the circumstances,—then the plaintiff is entitled to a verdict."

The defendant presented several requests to charge, which the court declined to give. The substance of these requests is that, if the accident would not have happened except for the snow or the driving upon the ties, the plaintiff cannot recover. We think the court did right in refusing these requests. The public had a right to travel this highway, even though there were snowdrifts which encroached upon the north side of the wrought portion of the road, and electric road ties which projected into the southern portion of it. If what was done by the driver was what would have been reasonable and prudent for a reasonably prudent man to do, then the driver was not negligent. The rule stated by the judge is justified by the authorities. *Carver* v. *Plank-Road Co.*, 61 Mich. 590 (28 N. W. 721); *Id.*, 69 Mich. 616 (25 N. W. 183); *Laughlin* v. *Railway Co.*, 62 Mich. 221 (28 N. W. 873).

In the progress of the trial, Mr. Carver was a witness, and testified he was not hurt. Upon his cross-examination the following occurred:

" *Q.* You brought an action against the plank-road company for this same tipping over?
"*A.* Yes, sir; I did.
" *Q.* In your declaration in that case you alleged that you were seriously injured? (Objected to as immaterial. Objection sustained, and defendant excepts.)
" *Mr. Baluss:* I offer to show by this witness— And I want, in connection with that, to offer the files in that case, as showing the declaration alleging the injury,—file No. 40,315. I offer to show that the witness, who says he

drove the team at the time of the accident, brought suit in justice's court, and recovered judgment in that court upon his testimony that he was injured by the tipping over of this sleigh at the time alleged here, and recovered a judgment in that court, while he now testifies he was not injured. (Offer excluded. Defendant excepted.)"

This is said to be error. We do not think the files and the judgment in the other case were competent. It was competent, upon the cross-examination, to show whether the witness had not testified differently in the other trial; and we have no doubt the court would have so ruled if the question had been so framed as to call for a ruling upon that question.

The case was tried in November, 1900. The counsel for defendant has printed in his brief a report from the weather bureau dated a year later, which is no part of the bill of exceptions. It should have no place in the brief of counsel, and will not be considered by the court.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.