KLOTZ *v.* CHATFIELD.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—TAXATION—DEFEC-
TIVE SPECIAL ASSESSMENT—PAYMENT.

> On a bill to enjoin the levy and enforcement of a drain tax,
> which, it averred, was jurisdictionally defective, a showing by
> the State, on appeal, that, after the entry of a decree in the
> court below, the board of supervisors reassessed the tax which
> had been paid by a third party, does not properly bring the
> question of payment before the Supreme Court, and requires
> that the cause be remanded for a hearing on the point raised.

Appeal from Lenawee; O'Mealey, J. Submitted June
29, 1910. (Docket No. 109.) Decided September 28,
1910.

Bill by Effie Klotz against Willis Chatfield, drain com-
missioner, William Britton, treasurer, James B. Bradley,
auditor general, and others, for the cancellation of a drain
tax. From a decree for complainant, defendants appeal.
Remanded for further proceedings.

*Smith, Baldwin & Alexander,* for complainant.

*Theodore M. Joslin,* for defendants.

STONE, J. This case presents the question of the legal-
ity of a certain tax for a drain called the "Bay Drain."
The complainant is the owner of the S. W. ¼ of section 35,
in the township of Ogden, Lenawee county, subject to a
life estate in her mother, Lydia Klotz. It appears that
the mother signed a paper purporting to convey the right
of way along the east side of the land in question for said
drain, but no attempt was made to obtain from complain-
ant any release or right of way, nor was she named as a
party in any of the proceedings. It appears, however,
that complainant had knowledge of the proceedings, and
consulted with the drain commissioner as to the route of

the drain and the point it should reach. The original bill sought to restrain the digging of the drain and compel the filling up of any part started, but before service of injunction was had the drain upon the premises had been dug and completed. An amended bill was later filed, and the auditor general and county treasurer were made defendants, and it was sought to restrain the collection of the tax assessed upon said premises for the construction of said drain, amounting to about $117.

Upon the hearing, it appeared that the said drain tax was in form levied upon the north 60 acres of said premises, but by an error it was returned to the auditor general as against the whole S. W. ¼ of said section; that the said auditor general, upon being advised of the facts, canceled the said tax as irregular. It appears by a clear preponderance of the evidence that the complainant assented to the digging of said drain, and that the drain was a benefit to the property. The decree below made no provision relating to the digging or maintaining of said ditch or drain, but found that the defendants were proceeding, without jurisdiction, to tax and sell complainant's lands for the collection thereof. It adjudged and decreed that the proceedings to levy and collect said tax were irregular and void, and that said tax was not a valid lien against complainant's interest in said land, and that defendants had no right or authority to attempt to sell said land for said drain tax. By the terms of the decree the county treasurer was enjoined from selling said land for said drain tax, or from taking any proceeding to reassess said drain tax against the right, title, and interest of complainant in and to said land, and from making return of said lands to the auditor general for said tax as an unpaid tax. The decree bears date October 22, 1908. The defendants only appealed from the decree.

It is now represented to us by the attorney general, who files a brief in behalf of the auditor general, that since the making of the decree, and taking the appeal, the board of supervisors of said county has reassessed said

tax upon the north 60 acres, and that said reassessed tax was, on the 19th day of April, 1910, paid to the county treasurer by one Leland F. Bean, guardian of Lydia Klotz, the life tenant of the land and the mother of complainant herein, and the attorney general has attached to his brief a certification of the auditor general as to the records of his office, relative to the land and tax in question, which shows such payment. No costs were awarded by said decree, and if the said drain tax has been paid and legally discharged the complainant has no further interest in said decree or litigation. The matter of payment is not now properly before us. We think that the case should be remanded, the decree opened, with leave to amend the answer, and evidence taken upon the subject of the payment of the tax, to the end that the true condition of the matter may be brought to the attention of the court.

The case will be remanded accordingly.

OSTRANDER, MOORE, BROOKE, and BLAIR, JJ., concurred.