SINGER *v.* HOFFMAN CAKE CO.

1. CONTRACTS—PARTIAL PAYMENTS—FORBEARANCE—WAIVER.

Mere forbearance to sue for payments due under an executory contract for the sale of real and personal property used in a business does not of itself constitute a waiver.

2. VENDOR AND PURCHASER—VENDOR'S DEFAULT IN MAKING PAYMENTS ON MORTGAGE.

Rule that vendor is precluded from forfeiting land contract when he is in default in making payments on mortgage is not applicable where purchaser's default in making payments is equivalent to or greater than vendor's default; especially where purchaser had right to make payment on mortgage and receive credit therefor on contract.

3. APPEAL AND ERROR—RECORD—QUESTIONS REVIEWABLE.

Where notice of intention to forfeit and subsequent notice of forfeiture were not introduced in evidence but printed in the record, claim based thereon is dismissed on appeal.

4. VENDOR AND PURCHASER—EXTENSION OF TIME—PAROL AGREEMENT—CONSIDERATION.

Parol agreement by one of vendors under land contract to reduce size of monthly payments and thereby extending total time of payments, which was not joined in by co-vendor and which was without consideration *held*, not binding.

5. SAME—ESTOPPEL—FORFEITURE.

Vendors, by accepting smaller payments than were required by land contract for several years before it was forfeited were not thereby estopped from forfeiting contract or from claiming amount as computed by a witness and for which sum a finding was made approximating total amount in default as shown by the contract, where purchasers made no payment at all for some months before forfeiture and subsequently went into bankruptcy; especially where there is no other testimony to the contrary and no other computation was introduced.

6. FORCIBLE ENTRY AND DETAINER — JUDGMENT — STATEMENT OF AMOUNT DUE.

  Statement of amount found due in summary proceedings brought to regain possession of land sold under contract is not a part of the judgment of restitution.

7. COSTS—BRIEFS.

  No costs are awarded appellees upon affirmance of judgment on appeal where they filed no briefs in Supreme Court.

Appeal from Wayne; Sprague (Victor D.), J., presiding. Submitted June 9, 1937. (Docket No. 40, Calendar No. 39,353.) Decided October 4, 1937.

Summary proceedings by Martin J. Singer and wife against Hoffman Cake Company, a Michigan corporation, to recover possession of property sold under a land contract. Verdict and judgment for defendant by circuit court commissioner. Plaintiffs appealed to circuit court. Directed verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Charles L. Goldstein,* for defendant.

BUTZEL, J. On December 8, 1926, plaintiffs sold to defendants on executory contract the building, land and personal property used in their baking business in Detroit for the sum of $46,500, of which $5,000 was paid in cash and an additional $5,000 by conveyance of other property. The balance was payable at the rate of $365 per month, including interest, with an additional sum of $1,000 each and every year from the date of the contract. The contract stated that if the purchaser failed to pay the taxes, the sellers might pay them and add the sums so paid to the amount due on the contract, said sums to be payable with interest forthwith. It provided for termination and repossession by the sellers in case of de-

fault in payments by purchaser, that upon payment of all sums chargeable in sellers' favor, they would deed the property to purchaser free from all incumbrances except such as accrued subsequent to the execution of the contract through the acts or omissions of the purchaser or its assigns. It further contained a clause that set forth the conditions under which the sellers might place a new mortgage on the property. It also provided that if the title to the property were incumbered by an already existing mortgage, the sellers would meet the payments of principal and interest, show the receipts to the purchaser on demand, and in default thereof, the latter could make such payments and be credited for such amounts and interest on the sums maturing under the contract.

Defendant made the monthly payments of $365 with regularity until February, 1931, then it only paid $200 per month for several years, and then only $150 a month until November 6, 1935. From that time on, it made no further payments. Except at the end of the first year and during the second year when it only paid a part of the amount, defendant totally failed to pay the additional sum of $1,000 at the end of each year of the contract, as provided therein. Some $8,250 was due for these additional annual payments at the time of the trial.

Within a month prior to the execution of the contract plaintiffs mortgaged the property to a Detroit bank for a loan of $10,000, payable in three years. Defendant learned of the mortgage within a comparatively short time and at least within the first year after the contract. It could have made payments on the mortgage instead of on the contract in accordance with the latter's terms. Plaintiffs for years promptly paid the interest and a payment or

payments on the principal on the mortgage so as to reduce it to $8,211.93. Long after defendant's default in making the $1,000 payments, plaintiffs made no further payments. Defendant was in default in making the $1,000 payments prior to the time the mortgage became due. The bank was evidently willing to carry the loan. The receiver of the bank to which the mortgage had been assigned began foreclosure proceedings by advertisement and although the record does not show when the first advertisement appeared, the sheriff's deed, as stated in defendant's brief, was issued on June 30, 1936, when, with costs, approximately $8,555.72 was due on the mortgage and over $20,000 still remained unpaid on the contract. The receiver, as stated by a witness for defendant, was willing to let the mortgage run provided the taxes on the property and $100 per month on the mortgage were paid. It was incumbent on the purchaser to pay the taxes, though the remedy in case of its default was not the same as in the default of payments on principal and interest. Defendant claims that the plaintiff Martin Singer orally agreed to reduce the payments to $200 a month, and accepted payments of only $150 per month. Defendant does not show that there was any extension of time as to the $1,000 a year payments. Mere forbearance does not of itself constitute a waiver. The trial judge, on appeal by defendant from a judgment of restitution by circuit court commissioner, directed a verdict in plaintiffs' favor and found there was $22,575 due on the contract.

After defendant had ceased to make any payments, plaintiffs gave preliminary notice of forfeiture, dated January 30, 1936, claiming $1,365 due. This was followed by notice of forfeiture dated June 18, 1936. As the sheriff's deed was issued June 30, 1936,

it is fair to assume that foreclosure by advertisement was begun approximately within three months before that time, and even after June 30, 1936, the parties had a year within which to redeem. Defaults in the annual payments of $1,000 extended over a period of some 8 years, and began before the mortgage became due. It appears that an amount equivalent to such part of the annual payments of $1,000 as defendant paid on the contract was paid by plaintiffs on the mortgage. There is no force to defendant's complaint that the vendor having first defaulted, he cannot forfeit even though the contract allows the vendee, at its option, to make payments on the mortgage. The contrary is the case and as defendant first defaulted, it cannot complain. See *Heath* v. *Gloster*, 260 Mich. 85, and *Dibble* v. *Harrow*, 262 Mich. 509.

The record is very unsatisfactory. Plaintiffs' attorney announced that his clients were an old Polish couple. They were not called upon to testify. Plaintiffs waived all claim to repossess the personal property. Neither plaintiffs nor defendant introduced the preliminary notice of intention to forfeit and the subsequent notice of forfeiture, though they have been inserted in the record and defendant relies on them. As they are not properly before us, we dismiss defendant's claim that the amount found due by the judge in directing a verdict for restitution is in excess of the specific amount claimed in the preliminary notice of forfeiture. No error is claimed because plaintiffs did not introduce the notices of forfeiture. It is possible that plaintiffs would have been satisfied with a lesser amount than that found by the court when they gave the preliminary notice of forfeiture appearing in the record. Defendant, however, claims that its business dwindled so that it

could not make payments. It subsequently went into bankruptcy. No point is made by plaintiffs that at the time of the trial, defendant had no interest whatsoever in the property. The equity, if any, had been sold to a new corporation in which one of defendant's officers had an interest.

Defendant claims that because under an alleged oral agreement monthly payments were reduced, the trial judge found too large a sum due. The only evidence introduced was that of a witness who computed the amount due to be $22,575, after taking all defaults into consideration. The contract itself was introduced and showed defaults in the $1,000 payments and partial defaults in monthly payments for a long period and no payments for a further period. Defendant claims the benefit of an oral agreement with plaintiff Singer, not joined in by co-plaintiff Mrs. Singer, providing for a reduction in the amount of monthly payments, which would have extended the total time of payments. It was without consideration and rested on parol and was not binding. *Bartlett* v. *Smith,* 146 Mich. 188 (117 Am. St. Rep. 625); *Schneider* v. *Levy,* 256 Mich. 184; *Mervez* v. *Petchesky,* 259 Mich. 507. Defendant cannot claim it was entrapped by plaintiffs' acquiescence in accepting smaller payments. For some time before the contract was forfeited, defendant ceased making any monthly payments whatsoever and its witness acknowledged its inability to do so. The amount found due by the trial judge approximates the total amount in default as shown by the contract. There is no other testimony to the contrary and no other computation was introduced upon which to base modification. The amount found due is not a part of the judgment. *Armstrong* v. *Grimm,* 268 Mich. 437. Under the circumstances of the case, and without a

proper showing, we decline to remand for a new computation of the amount due.

Judgment affirmed, but without costs as plaintiffs filed no brief in this court.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.