### KALES v. CITY OF OAK PARK.

1. STATUTES—BASIC RULE OF CONSTRUCTION—INTENT.

The basic rule of statutory construction of an amendment is to determine the intention of the legislature in the enactment of the amendment involved.

2. SAME—LEGISLATIVE HISTORY—INTENT.

Where there is nothing in the legislative history of an amendment to a statute that furnishes any assistance in construing the language used, the intention of the legislature must be determined on the form of expression of the legislative will.

3. SAME—CONSTRUCTION—ANTECEDENTS.

A rule of construction of statutes is that relative words must ordinarily be referred to the next antecedent where the intent, upon the whole instrument, does not appear to the contrary.

4. WORDS AND PHRASES—ANTECEDENTS.

The last antecedent is the last word which can be made an antecedent, without impairing the meaning of the sentence.

5. STATUTES—CONSTRUCTION—ANTECEDENTS.
   It is a general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation.

6. SAME—CONSTRUCTION—MARKS OF PUNCTUATION.
   In construing a statute, marks of punctuation, and likewise their absence, may throw light upon the meaning of the language used.

7. MUNICIPAL CORPORATIONS—VILLAGES—INCORPORATION OF FIFTH CLASS CITIES—DENSITY OF POPULATION.
   Under city home rule act an incorporated village having a population of 750 to 2,000 inhabitants may incorporate as a city of the fifth class without having an average density of 500 inhabitants per square mile (1 Comp. Laws 1929, § 2243).

8. COSTS—PUBLIC QUESTION—VALIDITY OF INCORPORATION OF FIFTH CLASS CITY.
   No costs are allowed in suit to determine validity of incorporation of a village as a city of the fifth class where its average density was less than 500 inhabitants per square mile, a public question being involved (1 Comp. Laws 1929, § 2243).

Appeal from Oakland; Holland (H. Russel), J. Submitted June 13, 1946. (Docket No. 65, Calendar No. 43,438.) Decided June 28, 1946.

Bill by Alice G. Kales, executrix of the last will and testament of William R. Kales, deceased, against City of Oak Park for decree declaring that incorporation of defendant was invalid. Decree for defendant. Plaintiff appeals. Affirmed.

*Berry & Stevens,* for plaintiff.

*Bernard Girard,* for defendant.

CARR, J. Plaintiff herein filed suit in circuit court under the provisions of Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 *et seq.* [Stat. Ann. § 27.501 *et seq.*]), for the purpose of obtaining a declaratory decree. The question at issue is the

validity of the incorporation of the defendant as a city of the fifth class under the provisions of the home-rule act.* The facts alleged in plaintiff's petition were admitted by defendant in its answer. No testimony was taken in the trial court, the cause being submitted on the pleadings and on the arguments of counsel. From a decree sustaining the validity of the incorporation of defendant as a city, plaintiff has appealed, claiming that the pertinent provisions of the statute did not authorize such action.

Defendant was organized as a village in 1926. In March, 1945, a petition was filed with the village clerk for the incorporation, as a fifth-class city, of the territory comprising the village. Thereafter, the village council, finding the petition sufficient, called a special election for the purpose of voting on the question of incorporation of the city and for the election of a charter commission. At said election, held June 11, 1945, the proposition as to incorporation was carried by vote of 287 to 82. Thereupon the charter commission drafted a charter which was approved by the governor of the State and adopted by the voters on October 29, 1945. City officers were elected at the special election held on the date referred to and have since functioned in their respective offices in accordance with the provisions of the charter.

According to the Federal census of 1940 the population of the village of Oak Park was 1,169. Plaintiff's petition alleges that at the time the proceedings for incorporation as a city were taken the area of the territory within the village was approximately five and one-half square miles. The question in the instant case arises because the village did not have an average of 500, or more, inhabitants per

---

* Act No. 279, Pub. Acts 1909, as amended (1 Comp. Laws 1929, § 2228 *et seq.* [Stat. Ann. § 5.2071 *et seq.*]).

square mile.   The precise point for determination is whether the pertinent provision of the city home-rule act requires such density of population.

Plaintiff's petition further sets forth, in support of her right to invoke the provisions of the declaratory judgment act, that in September, 1943, she instituted suit in the circuit court for the county of Oakland, for the purpose of obtaining judgment on bonds in the principal sum of $15,000, issued by the village of Oak Park.   Similar suits by other bondholders are also pending.   If defendant was validly incorporated as a city, then, having assumed the obligations of the village, it should be substituted as defendant in place of the former village.   If such incorporation was not valid the suits in question may properly proceed as originally begun.   It is further alleged in plaintiff's petition that defendant plans to issue refunding bonds to meet the obligations owing to plaintiff and others, and that "a decision of the legal issue between the parties hereto, is essential before judgments can be taken in the pending cases and refunding bonds issued."

The determination of the controversy presented on the record rests primarily on the construction of section 7 (1 Comp. Laws 1929, § 2243 [Stat. Ann. § 5.2086]), of the city home-rule act.   Said section, as last amended by Act No. 303, Pub. Acts 1927, reads as follows:

"SEC. 7.   Said petition shall accurately describe the proposed boundaries of the city, or of the territory to be annexed thereto or detached therefrom, and if the purpose is to incorporate a new city, it shall represent that the territory described contains not less than 2,000 inhabitants and an average of not less than 500 inhabitants per square mile: Provided, That all incorporated villages in which a county seat is located are hereby authorized to in-

corporate as a fourth class city with all the privileges and authority provided by said act, without respect to the population of the territory included therein: Provided further, That any incorporated village having a population of more than 750 and less than 2,000 inhabitants, or any territory containing a population of more than 750 and less than 2,000 inhabitants and an average of not less than 500 inhabitants per square mile may incorporate under the provisions of this act as cities of the fifth class. Such cities shall constitute but one voting precinct and the mayor thereof, or whenever provided by resolution of the legislative body of any such city, the city attorney, shall represent the city on the board of supervisors of the county.''

On behalf of defendant it is claimed that the second proviso of the quoted section permits the incorporation of an existing village as a city of the fifth class if such village has a population of more than 750 inhabitants and less than 2,000, even though it does not have an average of 500, or more, inhabitants per square mile. The proviso in question was first placed in the section by Act No. 196, Pub. Acts 1923. It is argued that it was manifestly the intention of the legislature, in the enactment of the amendment, to provide for cities of the fifth class by the incorporation of villages having a population of more than 750 and less than 2,000 inhabitants, without reference to density of population and, also, of unincorporated territory having a population within the limits indicated and with a density of population of 500, or more, inhabitants per square mile. It is claimed that such intent was evidenced by the insertion of a comma after the word ''inhabitants,'' as first used in the proviso. Attention is called by counsel for defendant, in his brief, to an opinion of the attorney general of the State,

given to the attorney for the village of Oak Park, approving such construction and the consequent right on the part of the defendant to incorporate as a city.

The basic rule of construction is, of course, to determine the intention of the legislature in the enactment of the amendment to the statute here involved. There is nothing in the legislative history of the provision that furnishes any assistance in construing the language used. The matter must be determined on the form of expression of the legislative will. Was it intended that the clause "and an average of not less than 500 inhabitants per square mile," should apply to "any incorporated village," or solely to "any territory"?

A somewhat analogous question was before this court in *City of Traverse City* v. *Blair Township,* 190 Mich. 313, where another provision of the city home-rule act was construed. Attention was called to the legal maxim "that relative words must ordinarily be referred to the next antecedent where the intent, upon the whole instrument, does not appear to the contrary." It was further stated "The last antecedent is the last word which can be made an antecedent, without impairing the meaning of the sentence." A similar statement is found in the opinion of the court in *Hopkins* v. *Hopkins,* 287 Mass. 542 (192 N. E. 145, 95 A. L. R. 1286), where it was said:

"It is the general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation."

Applying this principle of construction to the clause above quoted, the conclusion follows that the requirement as to density of population was in-

tended to refer solely to territory not previously incorporated. Such interpretation is consistent with the general form in which the proviso is expressed and also with its punctuation. The fact that the legislature, in providing for the incorporation of cities from unincorporated territory, repeated the requirement with reference to the limits of population prescribed for incorporated villages seeking to take advantage of the act is rather significant. Such repetition indicates an intention to prescribe specific requirements for each authorized incorporation without reference to the other. Obviously, had it been intended to impose identical requirements, the repetition referred to might, and doubtless would, have been avoided. The omission of a comma after the word "inhabitants," as used the second time in the proviso, is also significant. Marks of punctuation, and likewise their absence, may throw light upon the meaning of the language used. *Service Investment Co.* v. *Dorst,* 232 Wis. 574 (288 N. W. 169, 134 A. L. R. 539).

For the reasons stated, we agree with the conclusion of the trial court that it was not necessary for the village of Oak Park to have an average population of 500, or more, inhabitants per square mile in order to incorporate as a city of the fifth class. The decree is affirmed, but without costs, the issue involved being of a public nature.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.