LEMANSKI v FORD MOTOR COMPANY

1. NEW TRIAL—APPEAL AND ERROR—JUDGE'S DISCRETION—COURT
    RULES.

    A new trial is to be sought in the trial court; only after the trial
    judge has exercised his discretion and has disposed of the
    motion may the matter be presented to the Court of Appeals,
    where the question on review is whether or not the trial judge
    abused his discretion in either granting or denying the motion
    (GCR 1963, 527, 805, 812.6).

2. NEW TRIAL—APPEAL AND ERROR—BURDEN OF PERSUASION—JUDGE'S
    DISCRETION.

    A party who moves for a new trial has the burden of persuading
    the trial court that during the trial an error was committed of
    sufficient magnitude to cause the trial court to grant a new
    trial; on appeal from the grant or denial of the motion for new
    trial the appellant must bring before the reviewing court a
    sufficient record from the lower court which might indicate
    that the claim of an abuse of discretion has validity.

3. APPEAL AND ERROR—MOTIONS—NEW TRIAL—SUPPORT FOR MOTION.

    The Court of Appeals should not consider the question of whether
    a trial court abused its discretion in denying a motion for a
    new trial where the motion before the trial court was only *pro
    forma,* no briefs were submitted to the trial court in support of
    the motion, and the moving party did not see fit to have the
    oral argument on the motion transcribed.

Appeal from Huron, Allen E. Keyes, J. Submit-
ted October 11, 1977, at Detroit. (Docket No.
30392.) Decided April 3, 1978.

Complaint by Stanley Lemanski and Susie Le-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 555, 556.
   58 Am Jur 2d, New Trial §§ 212, 213.
[2] 58 Am Jur 2d, New Trial § 192.
[3] 56 Am Jur 2d, Motions, Rules, and Orders §§ 9, 11, 13.

manski against Ford Motor Company, Garth O'Mara, doing business as O'Mara Ford, John Ahrens, Kenneth Weber doing business as Weber's Marathon Station, and Marathon Oil Company for damages for injuries received by Stanley Lemanski when he was struck by his automobile as it was being moved by a service station employee. Subsequent to filing of the complaint, Stanley Lemanski died, and Susie Lemanski was substituted, as executrix of his estate. Marathon Oil Company was dismissed by stipulation. Judgments of no cause of action as to defendants O'Mara, Ahrens, and Weber. Judgment for plaintiff as to defendant Ford Motor Company. Ford moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motion was denied, and Ford appeals. Affirmed.

*Jacobs, Lichtenstein & Miller (Michael D. Dennis,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Wolfgang Hoppe* and *Frank J. Greco),* for defendant Ford Motor Company.

Before: D. E. HOLBROOK, P. J., and N. J. KAUFMAN and J. E. MCDONALD,* JJ.

J. E. MCDONALD, J. Decedent Stanley Lemanski was injured on January 22, 1974, when he was struck by his own automobile while it was being driven by an employee of the service station where he had taken it to have mud flaps installed. Mr. Lemanski was standing at the back of the service bay as the employee drove the car into the bay. The car failed to stop and severely injured Mr. Lemanski's legs. Mr. Lemanski, age 80, died in

* Circuit judge, sitting on the Court of Appeals by assignment.

April of 1976. The cause of his death was not related to the accident.

In March, 1974, Mr. and Mrs. Lemanski filed this action. The defendants were Ford Motor Company, manufacturer of the 1974 automobile involved in the accident; Garth O'Mara, doing business as O'Mara Ford, the dealer who sold the vehicle to the Lemanskis; John Ahrens, the service station employee who was driving the car at the time of the accident; Kenneth Weber, individually and doing business as Weber's Marathon Station, the operator of the service station and employer of Mr. Ahrens, and the Marathon Oil Company.

The suit was originally filed in Wayne County and there was a change of venue to Huron County where the matter was tried before a jury.

The case proceeded to trial against defendants Ahrens and Weber on a negligence theory; against O'Mara on breach of implied warranty; and against the Ford Motor Company on negligence, breach of express warranty and breach of implied warranty.

The trial of this matter consumed six days and resulted in a transcript of almost 900 pages. The instructions to the jury covered about 30 pages of the transcript.

The jury returned verdicts of no cause of action as against defendants Ahrens, Weber and O'Mara. Mrs. Lemanski, as executrix of her late husband's estate, was awarded $86,626 against Ford Motor Company, and Mrs. Lemanski, individually, was awarded $48,250 against defendant Ford Motor Company. Mrs. Lemanski was 71 years of age at the time of the verdict.

Judgment was entered on the verdicts on June 24, 1976. On July 12, 1976, a motion for judgment notwithstanding the verdict, or in the alternative,

for a new trial was filed by defendant Ford Motor Company. There is no brief in support of the motion made by defendant Ford Motor Company in the record of the lower court. An answer to the motion was filed by the plaintiff on August 11, 1976. There is no brief by the plaintiff in the lower court records in opposition to the motion for a new trial.

The disposition of this motion by the trial court consists of the following:

"This matter having come on to be heard before the Court on Motion of Defendant Ford Motor Company on Friday, August 20, 1976, and the Court having reviewed said Motion and plaintiff's response thereto and having listened to the arguments of counsel;

"IT IS THEREFORE ORDERED that the Defendant's Motion for Judgment Notwithstanding the Verdict and/or for New Trial is denied."

This order by the court was signed September 13, 1976, but the form indicates that several of the attorneys involved had approved it as to form and content as early as August 30, 1976. The lower court records indicate that the transcript was ordered on September 16, 1976, and that a claim of appeal was filed on the 23rd day of September, 1976, which reads as follows:

"Ford Motor Company, Defendant-Appellant, claims an appeal from the Order Denying Judgment Notwithstanding the Verdict and/or for New Trial entered September 13, 1976, in the Circuit Court for the County of Huron * * * copy of which is attached hereto."

New trials are to be sought and granted or denied in the trial court. GCR 1963, 527.

It is only after the trial judge has exercised his discretion and has disposed of the motion that the

matter may be presented to the Court of Appeals. GCR 1963, 805.

The question on review is whether or not the trial court abused its discretion in either granting or denying a motion for a new trial. GCR 1963, 812.6.

"The grant or denial of a new trial is within the sound discretion of the trial court which, if not abused, cannot be interfered with on appeal." *Kailimai v The Firestone Tire & Rubber Co,* 398 Mich 230, 232; 247 NW2d 295 (1976).

The record brought to this Court for review does not contain any briefs of counsel or any argument offered in the trial court in support of appellant's motion for a new trial or for a judgment notwithstanding the verdict.

"It was incumbent upon the appellant to prepare the record." *Kranz v Kranz,* 323 Mich 680, 683; 36 NW2d 179 (1949).

"This Court is restricted to reviewing the record before it." *People v Williams,* 19 Mich App 291, 306; 172 NW2d 515 (1969).

On the basis of the present record before this Court it is impossible to determine what issues were urged in the lower court as a basis for a new trial.

"This Court is limited on review to the issues decided by the trial court." *Hernandez v Consumers Power Co,* 51 Mich App 288, 291; 214 NW2d 846 (1974).

In making a motion for a new trial, the burden is on the appellant-defendant to persuade the trial court of error committed during the trial of suffi-

cient magnitude to cause the trial court in its judicial discretion to grant a new trial.

"An appellate court will interfere with the trial court's exercise of its discretion in this regard only if abuse of its discretion is so plain that upon consideration of the facts upon which the trial judge acted an unprejudiced person can say that there was no justification or excuse for the ruling made." *Carpenter v Cleveland,* 32 Mich App 213, 215; 188 NW2d 248 (1971).

It is the responsibility of the appellant-defendant to bring before the reviewing court sufficient of the record from the lower court to indicate that the claim that the trial court abused its discretion in disposing of the motion has validity.

"The granting or denying of a motion for new trial rests within the sound discretion of the trial court and reversal of such order is a function of whether prejudicial error was committed and an abuse of discretion is found." *Durbin v K-K-M Corp,* 54 Mich App 38, 57–58; 220 NW2d 110 (1974).

In *Fera v Village Plaza, Inc,* 396 Mich 639; 242 NW2d 372 (1976) the plaintiffs received a jury award of $200,000 for loss of anticipated profits in their proposed new business, as a result of defendant's breach of a lease. The Court of Appeals reversed, 52 Mich App 532; 218 NW2d 155 (1974). The Supreme Court reversed and reinstated the jury award.

In his opinion reversing the Court of Appeals, Chief Justice KAVANAGH said:

"The trial judge, who also listened to all of the conflicting testimony, denied defendants' motion for a new trial, finding that the verdict was justified by the

evidence. We find no abuse of discretion in that decision.

\* \* \*

" 'As a reviewing court we will not invade the fact-finding of the jury or remand for entry of judgment unless the factual record is so clear that reasonable minds may not disagree.' " 396 Mich at 648.

In *Kailimai v The Firestone Tire & Rubber Co*, 398 Mich 230; 247 NW2d 295 (1976), the plaintiffs obtained a verdict and judgment in the circuit court. The trial court granted the defendant a partial new trial unless the plaintiff accepted a remittitur.

The Supreme Court, in a unanimous opinion by COLEMAN, J., said:

"The plaintiffs appealed to the Court of Appeals. The Court of Appeals peremptory order remanded the cause to Wayne County circuit court for partial new trials as to both plaintiffs, 'limited to damages only'. The Court of Appeals acted without the benefit of the trial transcript or transcripts of the post-trial proceedings.

"We granted leave on the narrow issue of whether the Court of Appeals erred in reversing the trial court's grant of new trials without reviewing the record upon which the trial court acted or the reasons it assigned for its ruling.

"The grant or denial of a new trial is within the sound discretion of the trial court which, if not abused, cannot be interfered with on appeal.

\* \* \*

"The Court of Appeals acted in the instant case without benefit of the record. \* \* \* The Court of Appeals cannot decide this question without benefit of the lower court file and transcripts or a stipulated record." 398 Mich at 232–233.

It would appear that any matter deemed by the moving party to be entitled only to a pro forma

motion before the trial court and not deemed worthy of a brief in that court, supported by argument not deemed worthy of transcription by the moving party, cannot be considered in a reviewing court where the question is whether or not the trial judge abused his discretion in disposing of the motion before him.

"An appellate court, passing upon the propriety of a trial court's denial of a motion for new trial, must view the motion through the eyes of the trial court." *People v Taylor,* 383 Mich 338, 363; 175 NW2d 715 (1970).

It is axiomatic that if the moving party fails to make a motion for a new trial, error cannot be reviewed on appeal. More than a pro forma motion for a new trial is required. The requirement is that there be not only form but also substance to the motion for a new trial for it is only on the substance contained in the presentation of the motion for a new trial that the reviewing court can test whether or not the trial court in its disposition of the motion abused its discretion to the point that reversal of the trial court is required.

A perfunctory motion for a new trial followed by a perfunctory order denying that motion does not serve to catapult the issues before the trial court into the lap of the appellate court.

We note that in denying appellant's motions the trial court did not sign and file a concise statement of his reasons as required by GCR 1963, 527.7.

We do not think any useful purpose would be served by requiring the trial court to comply with the court rule. *People v Russell,* 35 Mich App 387; 192 NW2d 689 (1971).

No elaborate and involved briefing or intricate and convoluted oral argument on the review level

can "paper over" the lack of foundation laid in the trial court or the lack of sufficient record brought from the trial level for review.

The burden is on the moving party to show the reviewing court that the trial judge in denying its motion for a new trial abused this discretion. This appellant has failed to furnish this Court a record as a basis for holding that the trial judge abused his discretion.

The trial court's denial of appellant's motions for a new trial or for a judgment notwithstanding the verdict is affirmed.

Affirmed.