## COBURN v COBURN

Docket No. 197116. Submitted January 29, 1998, at Lansing. Decided May 26, 1998, at 9:30 A.M. In lieu of granting leave to appeal, the Court of Appeals order imposing sanctions is reversed because the Supreme Court agrees with the dissent that the record does not justify imposition of actual and punitive damages. 459 Mich ___.

Dennis W. Coburn obtained a divorce from Lorraine M. Coburn in the Livingston Circuit Court. The parties were awarded joint physical and legal custody of their only minor child. Both parties subsequently petitioned for sole physical custody and agreed to binding arbitration to resolve the competing claims for physical custody. The arbitrator awarded sole physical custody to the plaintiff, and the circuit court, Stanley J. Latreille, J., confirmed the arbitration award. The defendant appealed. The plaintiff moved to strike the defendant's appellate brief for failure to comply with the content requirements of MCR 7.212(C). The chief judge pro tempore granted the motion, determining that the brief lacked a statement of the basis of the jurisdiction of the Court of Appeals, which is required by MCR 7.212(C)(4), lacked a statement of facts that provides specific page references to the record, which is required by MCR 7.212(C)(4), and lacked specific page references to the record when facts were stated in the argument portion of the brief, which is required by MCR 7.212(C)(7). After the defendant filed her second brief, the plaintiff moved to strike that brief. The chief judge granted the motion, directing the defendant to limit her brief to documents filed and hearings held in the circuit court before her claim of appeal. After the defendant filed her third brief, the plaintiff filed a motion to strike that brief or to dismiss the appeal. The Court of Appeals, Markey, P.J., and Bandstra and Hoekstra, JJ., granted the motion to dismiss, finding the same deficiencies in the third brief that were in the first or second brief. The plaintiff then moved for actual and punitive damages pursuant to MCR 7.216(C), which the Court of Appeals, Markey, P.J., and Bandstra, J. (Hoekstra, J., dissenting), granted. The Court of Appeals remanded the case to the circuit court for a determination of damages. The Supreme Court, in lieu of granting leave and while retaining jurisdiction, remanded the case to the Court of Appeals for an explanation of the reasons for its conclusion that the defendant's failure to

pursue her appeal in conformity with the court rules was vexatious. 456 Mich 918 (1998).

The Court of Appeals *held*:

1. The defendant's appeal was vexatious because it was taken for purposes of hindrance or delay without any reasonable basis for belief that there was a meritorious issue to be determined on appeal, MCR 7.216(C)(1)(a). Given that the defendant consistently relied on matters not of record as her basis for appellate relief, she could not have entertained a reasonable belief that she had raised meritorious issues.

2. MCR 7.216(C)(1)(b) allows an award of sanctions when a brief is grossly lacking in the requirements of propriety, violates court rules, or grossly disregards the requirements of a fair presentation of the issues. In this case, the award of actual and punitive damages to the plaintiff is justified by the repetitive nature of the defendant's conduct and deliberate attempts to circumvent the court rules and the orders of the Court of Appeals directing the defendant to comply with the court rules and limit her appeal to the record generated in the circuit court.

Motion for damages granted as modified.

HOEKSTRA, J., dissenting, stated that an award of actual and punitive damages under MCR 7.216(C)(1) is discretionary, not mandatory, and that the totality of the facts and circumstances of this case does not require the imposition of sanctions.

COURTS — COURT OF APPEALS — VEXATIOUS PROCEEDINGS — ACTUAL AND PUNITIVE DAMAGES.

An appellant's repeated failure to comply with court rules governing the content of appellate briefs and repeated failure to limit the appellant's appellate brief to matters of record may support a determination by the Court of Appeals that the appeal was taken for purposes of hindrance or delay or without any reasonable belief that there was a meritorious issue to be determined on appeal, thereby making the appellant subject to an award of actual and punitive damages in favor of the appellee (MCR 7.212[C], 7.216[C][1][a]).

*Cross Wrock, P.C.* (by *Phillip J. Holman* and *Russ E. Boltz*), for the plaintiff.

*Kathleen Solomon,* for the defendant.

Before: MARKEY, P.J., and BANDSTRA and HOEKSTRA, JJ.

Markey, P.J. While retaining jurisdiction over a pending delayed application for leave to appeal, the Supreme Court has remanded this case to us with instructions to provide "an explanation of the reasons for concluding that defendant's failure to pursue her appeal in conformity with the court rules was vexatious." *Coburn v Coburn*, 456 Mich 918 (1998). Our task is thus to explain in detail the egregious behavior of defendant and her counsel that required our previous order.

The parties were divorced pursuant to a consent judgment on October 23, 1991. That decree provided in pertinent part that the parties would begin with joint physical and legal custody of their only minor child. Subsequently, both parties petitioned for sole physical custody. Plaintiff had remarried and moved to another state. The parties submitted their custody dispute to binding arbitration. *Dick v Dick*, 210 Mich App 576, 588; 534 NW2d 185 (1995). The arbitrator awarded sole physical custody to plaintiff. After the circuit court confirmed that award by order of August 16, 1996, the matter came to this Court as an appeal of right.

After defendant filed her first brief as appellant, plaintiff filed a motion to strike for failure to conform to the requirements of the court rules. A motion to strike a brief as nonconforming is one of the types of motions that can be adjudicated by the chief judge, or another designated judge, acting alone. MCR 7.211(E)(2)(c). The chief judge pro tempore granted the motion to strike, MCR 7.201(A)(2), in an order that specified the following deficiencies:

The brief as submitted does not comply with MCR 7.212(C)(4), (6) and (7). Appellant shall within 21 days of

this order submit an appellant's brief that complies with all those rules.

The referenced subrules require a statement of the basis of the jurisdiction of the Court of Appeals, MCR 7.212(C)(4), a statement of facts that, inter alia, provides "specific page references to the record," MCR 7.212(C)(6), and, correlatively, that when facts are stated in the argument portion of the brief, such assertions likewise "be supported by specific page references to the record," MCR 7.212(C)(7). Defendant's original brief on appeal contained no jurisdictional statement whatsoever, and absolutely no page references to the record either in the statement of facts section of the brief or in the argument portion of the brief as facts were iterated.

Defendant's substitute brief was then timely filed and again met with a motion to strike. Again, the motion to strike pursuant to MCR 7.211(E)(2)(c) was granted, this time by the chief judge with the following directive:

> Appellant shall within 21 days of this order file an appellant's brief that is limited to documents filed and hearings held in the trial court prior to the claim of appeal being filed on August 16, 1996. Any documents filed, hearings held, or factual allegations made after August 16, 1996 are not properly before the Court in this appeal.

Examination of this second attempt to submit the appellant's brief reflects, among other patent defects, that defendant had appended to the proposed brief, as exhibits, affidavits that were not part of the lower court record, and orders and transcripts that related to matters that occurred in the trial court *after* the order from which appeal of right had been claimed.

Because this was already defendant's second opportunity to comply with the court rules, it is worth listing the improprieties facially evident within the defect specifications noted in the chief judge's order:

1. Neither affidavits nor depositions may be presented in this fashion as a means of enlarging the appellate record. *Isagholian v Transamerica Ins Corp*, 208 Mich App 9, 18; 527 NW2d 13 (1994).

2. Even by stipulation, in the absence of a motion to enlarge the record and the granting of such motion by this Court, MCR 7.216(A)(4), the parties cannot add to the record on appeal anything not considered by the court below in rendering the decision that is the subject of appeal. *Lorland Civic Ass'n v DiMatteo*, 10 Mich App 129, 137-138; 157 NW2d 1 (1968).

3. Exhibits offered on appeal that were either not offered to the court below or that were excluded by the lower court from the settled record on appeal are not properly part of the record on appeal. *Dora v Lesinski*, 351 Mich 579, 581; 88 NW2d 592 (1958); *Singer v Hoffman Cake Co*, 281 Mich 371, 375; 275 NW 177 (1937).

4. Facts not appearing from the record *cannot* be considered on appeal. *Associates Discount Corp v Gear*, 334 Mich 360, 367-368; 54 NW2d 687 (1952). This is a limitation on the power of the appellate court, which is confined to the record in conducting its review. *Sims v Sims*, 298 Mich 491, 496; 299 NW 158 (1941). The record to be considered on appeal must be made in the trial court. *Stephenson v Golden*, 279 Mich 710, 732-733; 276 NW 849 (1937).

5. Nothing arising after the order from which appeal has been taken can be considered on appeal.[1] *Sandusky Grain Co v Borden's Condensed Milk Co*, 214 Mich 306, 323-324; 183 NW 218 (1921); *Monyhan v Detroit & Saline Plank Road Co*, 129 Mich 549, 552; 89 NW 372 (1902). This is true even of official proceedings subsequently occurring. See *Klotz v Chatfield*, 163 Mich 86, 87-88; 127 NW 774 (1910).

Defendant's third effort to file her appellant's brief generated yet another motion to strike, as well as a motion to dismiss and a motion to affirm. Those motions were submitted to this three-judge panel, MCR 7.211(E)(1), which granted the motion to dismiss, MCR 7.211(C)(2)(b), MCR 7.216(A)(10), and denied the other motions as moot.

Again, the numerous defects in this third brief merit iteration:

1. Although there were some references to the record in the statement of facts, numerous crucial factual assertions therein, and within the argument portion of the brief, had no affiliated record references. The rule in this state is that assertions of fact in a brief that are not supported by references to the record represent an improper attempt to enlarge the record. *In re Marx's Estate*, 201 Mich 504, 507; 167 NW 976 (1918). Because this was defendant's third effort, and because the first brief was stricken for precisely the same defect, among others, this Court had reasonable grounds for concluding that such repeated flouting of the court rules and of a fair pres-

---

[1] Again, on proper motion pursuant to MCR 7.216(A)(4), subsequent events, particularly those rendering an appeal moot or otherwise directly affecting the viability of the appeal, may and assuredly should be promptly brought to the attention of the appellate court.

entation was intentional and deliberate, rather than accidental or negligent.

2. Various factual assertions concerned matters previously stricken as outside the record. These included statements of fact that had, in the stricken second appellant's brief, been supported by the affidavit of defendant's former attorney and were stricken because they were never part of the record below or were derived from psychological reports also stricken from the second brief as being matters not of record.[2] Ironically, although the nonrecord material was no longer attached to the brief as exhibits, it was now incorporated into the body of the brief and constituted a significant part of it. Again, this Court reasonably inferred that defendant's pleadings were designed to circumvent the requirements of the court rules and the prior rulings of the chief judge and chief judge pro tempore, and that this effort was in no way a good-faith mistake.

3. Such record references as were provided did not support the assertions of fact to which they pertained. Rather, the references often were to defense counsel's arguments before the trial court for which no supporting evidence was ever adduced or properly proffered, MRE 103(a)(2). Other references may have related generally to the point at issue but did not ver-

---

[2] At most, very limited portions of these documents had been submitted to the trial court, but defendant in her second brief attached the whole of such documents, and in her third brief made factual assertions excerpted from the nonrecord portions of these materials. It may usefully be noted here that the motion for rehearing of the order dismissing the appeal argued at length that these materials were not privileged, as asserted in the plaintiff's objections. Breach of confidentiality, however, was in no way referenced as a basis, in whole or in part, for granting the motion to dismiss.

ify the essential details that were the basis of the argument for reversal. Once again, this Court could derive no other impression from this method than that defendant was attempting to manufacture the requisite factual support for appellate relief in the absence of the necessary record. See *Lemanski v Ford Motor Co*, 82 Mich App 244, 250-252; 266 NW2d 775 (1978).

After the appeal was dismissed and a motion for rehearing was denied, plaintiff moved for actual and punitive damages pursuant to MCR 7.216(C). That motion was also granted by this panel, Judge HOEK-STRA dissenting. The order provided:

> Plaintiff-Appellee's motion for actual and punitive damages is GRANTED. MCR 7.216(C)(1)(a), (b).
>
> This matter is hereby remanded to the trial court for a determination of damages as set forth in MCR 7.216(C)(2). These damages are to be assessed jointly and severally against both defendant-appellant and her counsel.[3]

---

[3] Defense counsel has incorrectly complained that this Court awarded sanctions of more than $126,000. Obviously, this Court left the determination of damages, both actual and punitive, to the trial court, as authorized by MCR 7.216(C)(2). We note that, in conjunction with the motion, counsel for plaintiff-appellee did submit an undifferentiated claim for attorney fees of more than $63,000, which, if proper, could indeed be doubled. Without prejudging the issue for the trial court, we note that plaintiff's counsel carries the burden of proving damages, and that any award is limited to *reasonable* attorney fees and costs, which must be a product of the identified improprieties to be recoverable under the rule.

We acknowledge that our previous order may be subject to understandable misinterpretation. The motion for damages relied only on improprieties in the three appellant's briefs filed by counsel Solomon and identified nothing in the motion for rehearing, which cocounsel Bassett filed, as a basis for seeking sanctions. Hence, our order was not drafted as clearly as it should have been. Because cocounsel's actions were not at issue, the order should have specified that the award of sanctions did not extend to him. Instead, the order merely implied that result; the trial court could only determine damages under MCR 7.216(C)(2) to the extent that expenses were incurred by plaintiff because of defendant's improprieties,

In awarding damages pursuant to MCR 7.216(C)(1)(a), this Court found that the appeal was taken for the purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal. Given that appellant's presentation consistently relied on matters not of record as a basis for appellate relief, not once, or twice, but three times, we concluded that where the only basis asserted for appellate relief is outside the record, an appellant cannot entertain a reasonable belief that any issue depending on such nonrecord matters is even arguably meritorious. *Cvengros v Farm Bureau Ins*, 216 Mich App 261, 269; 548 NW2d 698 (1996). On further review, we adhere to this conclusion. As noted earlier, Michigan jurisprudence bars argument predicated on matters outside the record and deems such tactics "inappropriate." *Wiand v Wiand*, 178 Mich App 137, 142-143; 443 NW2d 464 (1989). Moreover, appellant's counsel was repeatedly warned of this requirement yet persisted in disregarding it. No authority to support an exception to these rules attributable to any unique aspect of this individual case was ever cited by appellant's counsel.

MCR 7.216(C)(1)(b) allows an award of sanctions when a brief is grossly lacking in the requirements of propriety, violates court rules, or grossly disregards the requirements of a fair presentation of the issues to the court. The adverb "grossly" modifies only the

___

none of which were the fault of cocounsel Bassett. Accordingly, the joint and several provision of the order only referenced counsel, not cocounsel. In any event, we trust that, whatever else it does with the application now pending before it, the Supreme Court will see the justice of modifying the order as necessary to conform it to this intent.

first and third types of impropriety; hence, sanctions
for violation of the court rules may be granted even
where the violation is less than "gross." See, gener-
ally, *Kales v City of Oak Park*, 315 Mich 266, 271-272;
23 NW2d 658 (1946) Nonetheless, it has never been
the practice of this Court to invoke MCR 7.216(C) for
any but the most egregious and repeated court rule
violations. We do not view our decision in this case as
changing that practice. On the basis of the particular
facts of this case and the unequivocal history of
improper briefing by defendant-appellant's counsel,
we harbor no doubt that her violation of the court
rules may properly be described as "gross." The repet-
itive nature of that conduct, combined with the appar-
ent deliberate attempts at circumvention of the rules
and the orders of this Court enforcing those rules and
calling such defects to counsel's attention, fully justi-
fies an award of both actual and punitive damages.
Defense counsel was apparently determined that we
either rely on or be influenced by improper, extrane-
ous, nonrecord information.

The award of damages will compensate plaintiff, in
whole or in part, for his costs in defending the appeal
and troubling himself, through counsel, to bring these
court rule violations to our attention. The award also
serves an institutional function: the deterrence of like
tactics by others. Although written in a different con-
text entirely, the following sentiments are particularly
apposite here:

> Unless we enforce the rules we encourage their violation
> and add to the burden of the appellate courts. Our frequent
> strictures against this kind of argument mean little unless
> we are prepared to reverse and require a new trial. A prose-
> cutor who crosses a clearly defined line, and a trial judge

who makes no effort to stop him, have only themselves, not
the appellate courts, to blame if a judgment of conviction is
reversed and the case must be retried because of improper
argument. [*People v Farrar*, 36 Mich App 294, 299-300; 193
NW2d 363 (1971).]

We would paraphrase the final two sentences to state
that our frequent strictures against ignoring the
requirements of the court rules[4] mean little unless we
are prepared to dismiss an appeal and impose sanc-
tions on attorneys who choose to give our warnings
no heed. Because the client properly may be bur-
dened with the consequences of counsel's improprie-
ties short of abandoning the representation, *White v
Sadler*, 350 Mich 511, 522-523; 87 NW2d 192 (1957),
adversely affected parties and their attorneys have no
one to blame but themselves if an appeal is dismissed
on this basis.

Nonetheless, decisions to sanction are not made
easily, lightly, or often, and we do not wish to travel
this path again soon. Our order requires defendant-
appellant's counsel to pay plaintiff-appellee actual and
punitive damages. We might well be justified in both
referring the matter to the Attorney Grievance Admin-
istrator for investigation and assessing defense coun-
sel for the needless costs and expenses this Court has
incurred in dealing with this misconduct. *In re Thur-
ston*, 226 Mich App 205, 207-208; 574 NW2d 374
(1997). Just as those whose wrongdoing puts the fed-
eral government to expense must reimburse the gov-

---

[4] As reported in the *Michigan Bar Journal*, the newsletter of the
Appellate Practice Section, and various legal publications, the Chief Clerk
of this Court, pursuant to a policy approved by all the judges of this
Court, MCR 7.201(G), advised the bar generally that this Court would
begin enforcing the court rules more strictly, well before the three briefs
proffered on behalf of the defendant in this case were stricken.

ernment for all consequential costs, e.g., 14 USC 88(c)(3); see *United States v James*, 986 F2d 441, 442, 444 (CA 11, 1993), appellate litigants and attorneys who drain tax-funded judicial resources by flouting the requirements of the court rules should realize that they too may be properly called upon to make full recompense.

We therefore conclude that our original order granting the motion for sanctions was generally correct, and we would simply modify it as set forth in this opinion.

BANDSTRA, J., concurred.

HOEKSTRA, J. (*dissenting*). I respectfully dissent. MCR 7.216(C)(1), the court rule authorizing damages in this case, states that this Court "may . . . assess actual or punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious." The term "may" designates a permissive provision. *Jordan v Jarvis*, 200 Mich App 445, 451; 505 NW2d 279 (1993). Thus, this Court may assess damages but is not required to do so. Sanctions are authorized in a court's "discretion, on final review, as the totality of facts and circumstances may require." *In re Mathers*, 371 Mich 516, 538; 124 NW2d 878 (1963) (discussing a prior version of the court rule).

In my opinion, the totality of the facts and circumstances of this case does not require this Court to impose sanctions. Defendant has already suffered harm by losing the opportunity to have her case reviewed. See, e.g., *In re Dihle Estate*, 161 Mich App 150, 160-161; 410 NW2d 303 (1987). Moreover, I perceive no benefit in prolonging this acrimonious litiga-

tion by remanding the matter to the trial court for a determination of damages. See, e.g., *Mathers, supra* at 538-539 (declining to assess damages in the child custody case).