FISHER v. BERNARD

1. Trial — Appeal and Error — Voir Dire — Juror's Erroneous
   Answer — Abuse of Discretion — New Trial.

   Failure of trial judge to bring to the attention of counsel that
   a juror had informed the trial judge, during the course of a
   jury trial, that he erroneously answered a material question
   upon *voir dire* examination was an abuse of discretion warrant-
   ing reversal and remand for a new trial even where the verdict
   was against a party who should have known—inferentially,
   who did know—that the answer given on *voir dire* was not
   correct; the trial judge's duty to disclose the juror's erroneous
   answer arose before the verdict was in and he should have
   acted at that time.

2. Jury—Jurors' Scruples—Partiality.

   Jurors ought not to be compromised, even by their own over-
   sight, and the scruples of conscientious jurors can be as
   debilitating as any other impediment to partiality.

Appeal from Court of Appeals, Division 2, Fitz-
gerald, P. J., and T. M. Burns and Danhof, JJ.,
affirming Genesee, John W. Baker, J. Submitted
June 24, 1971. (No. 28 June Term 1971, Docket
No. 52,748.) Decided November 9, 1971.

21 Mich App 260 reversed.

Complaint by Doreen Fisher against Allen S.
Bernard and Flint Osteopathic Hospital for dam-

---

References for Points in Headnotes
[1] 47 Am Jur 2d, Jury § 212.
[2] 47 Am Jur 2d, Jury §§ 195, 198–202, 206–211.

ages for malpractice. Verdict and judgment for defendants. Plaintiff's motion for new trial denied. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded for new trial.

*van Benschoten & van Benschoten* and *Robert A. Grimes,* for plaintiff.

*Dice, Sweeney & Sullivan* (by *Jon Feikens*), for defendants.

T. E. BRENNAN, J. This malpractice action was tried to a jury in circuit court. Judgment for defendants was entered upon a verdict of no cause for action. After denial of motion for new trial and appeal, the Court of Appeals affirmed. 21 Mich App 260.

Of the several assignments of error, only one will be considered. It warrants reversal and remand for new trial.

Supporting her motion for new trial, plaintiff filed the following affidavit:

"Doreen Fisher, while under oath, deposes and says as follows:

"1. That subsequent to the trial of the above-captioned matter, she was approached by one of the jurors, without solicitation, and informed that juror No. 11, Mr. James W. Clark, during the course of the trial, informed the court that he was acquainted with plaintiff and affiant inasmuch as he was a neighbor and that his children did in fact play with the children of the plaintiff and affiant;

"2. That she would not have allowed juror No. 11 to remain on the jury if he had answered the voir dire question truthfully as to whether he knew her, the plaintiff;

"3. That if she had been given the option by the Court of excusing juror No. 11 from the jury and proceeding with eleven jurors after the court was informed by juror No. 11 that he did know the plaintiff, she would have exercised said option and excused juror No. 11 from the jury."

In his opinion, denying the motion for new trial, the trial judge stated:

"It is contended by plaintiff that juror No. 11, Mr. James W. Clark, was a neighbor of the plaintiff and that if she had been aware of such condition, she would have asked that he be excused from the jury.

"Plaintiff has filed an affidavit in support of the motion. Said affidavit refers to some unnamed juror who allegedly reports a conversation between Mr. Clark and the Court during the course of the trial. Such hearsay is not evidence and cannot sustain such a contention. The said juror, Mr. Clark, did state for the record on voir dire that he was not acquainted with the plaintiff. There is no evidence that he was. The mere fact that his residence is in the same neighborhood as the plaintiff does not now require his disqualification. Before the trial, his residence alone would not be a disqualification to serve as a juror. Not only that, the plaintiff's attorneys were given every opportunity to examine the proposed jurors on voir dire. The list of the jurors' names and addresses were published in the Genesee County Legal News and was available before trial as were the individual biographical statements. These clearly showed the address of the said juror and would establish that he lived in the neighborhood of the plaintiff. The fact that the juror realized that he lived in the same neighborhood after being empaneled cannot be any prejudice to plaintiff where such information was readily available to her before trial. It is not contended here that said juror was prejudiced in any way, or that plaintiff

recognizes said juror as an acquaintance of either a social or business status. There is no evidence that said juror has made any statements to establish that he was prejudiced. There is no contention that the verdict would be different on retrial of the case, or that the verdict would be different if the said juror had not sat on the jury. There is no indication in any way that mere recognition of the fact that he was a resident in the same neighborhood would make any difference whatsoever. The question is, has plaintiff had a fair trial and have the jurors performed their function in a fair and impartial manner. The Court must conclude that the grounds stated do not carry the weight of any evidence and that this portion of the motion should be denied."

Concededly, plaintiff's affidavit alleged only hearsay information. Concededly, plaintiff's affidavit does not deny that she was aware of acquaintanceship with the juror Clark at the time he was accepted on the panel. There is a strong inference that the plaintiff's acceptance of the juror was a calculated risk on her part.*

All of this is beside the point.

The allegation that Clark had communicated with the trial judge during the trial having been made, it was incumbent upon the trial judge to state for the record whether or not the alleged communication had taken place. If the trial judge had denied the conversation, that would have ended the matter. He did not, however, deny that a conversation had taken place.

---

* Reference to a street map for the City of Flint discloses that plaintiff, who resided at 2736 Mt. Elliott Street, and juror Clark, who resided at 810 West Rankin Street, were rather close neighbors. Plaintiff lived on the east side of Mt. Elliott, just north of its intersection with Rankin; the juror lived on the north side of Rankin, just west of its intersection with Mt. Elliott.

Under the circumstances, we must conclude that a conversation did take place between the trial judge and the juror during the trial of the cause. We must also assume that the substance of that conversation was as related third-hand in plaintiff's affidavit.

This presents us with an issue which can be stated as follows:

Where a juror informs a trial judge, during the course of a jury trial, that he erroneously answered a material question upon *voir dire* examination, is it an abuse of discretion for the trial judge to fail to bring such fact to the attention of counsel?

We answer yes. If the verdict had been for the plaintiff, the error would be obvious, since the defendant would not have been able otherwise to know of the association of the plaintiff and juror.

But even where, as here, the verdict has come in against a party, who should have known—inferentially, who did know—that the answer given on *voir dire* was not correct, the result must be the same.

The duty of the trial judge to disclose the juror's erroneous answer arose before the verdict was in. He should have acted at that point in time.

The mischief here stems from the juror's recognition of his own error. He doubtless felt himself compromised, and this was his reason for going to the judge with his problem.

If the juror had recognized and acknowledged that he was plaintiff's neighbor at the *voir dire* stage, we have no doubt that he could not be challenged for that fact alone, absent a showing of actual bias.

But jurors ought not to be compromised, even by their own oversight. The scruples of conscientious jurors can be as debilitating as any other impediment to partiality.

Reversed and remanded for new trial.  Costs to appellant.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with T. E. BRENNAN, J.