## SZOPKO v KINSMAN MARINE TRANSIT COMPANY

Docket No. 78-2860. Submitted January 3, 1980, at Detroit.—Decided March 5, 1980. Leave to appeal applied for.

Frank J. Szopko brought an action in Wayne Circuit Court against Kinsman Marine Transit Company alleging liability under general admiralty and maritime law for injuries arising out of the unseaworthiness of a vessel. The jury found for plaintiff in the amount of $180,000, but found that plaintiff's comparative negligence was 95 percent, thus reducing the award to plaintiff to $9,000. After the verdict of the jury was returned and the jury was discharged, plaintiff learned that one of the jurors had engaged in an off-the-record dialogue with the trial judge. Plaintiff filed a motion for mistrial along with supporting affidavits. A hearing was held on the motion, at which time Roman S. Gribbs, J., admitted that he had been approached by the juror one day during the trial after everyone else had departed for home, but Judge Gribbs disputed the characterization of the dialogue contained in the affidavits and asked that plaintiff produce at a subsequent evidentiary hearing the juror in question and plaintiff's affiants so that the question of the content of the dialogue could be resolved. Plaintiff's counsel indicated that he would secure the presence of these persons at the scheduled hearing; however, plaintiff's counsel failed to further pursue the motion for mistrial. Judgment was thereafter entered without the question of the motion for mistrial having been resolved. Plaintiff appeals. *Held:*

1. Conversation between a trial judge and a juror which occurs during the course of a trial without the knowledge and outside the presence of counsel for the parties is so frought with the potential for prejudice that a new trial is mandated even if the moving party is unable to show actual prejudice. Given the fact that reversal and remand for a new trial is

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial § 51.
[2] 5 Am Jur 2d, Appeal and Error § 622.
   58 Am Jur 2d, New Trial §§ 16 *et seq.,* 51.
[3] 58 Am Jur 2d, New Trial §§ 16, 51.

mandated on the basis that the trial judge admitted that the conversation took place and that counsel were not informed, plaintiff's failure to produce the witnesses at the evidentiary hearing, with the consequential abandonment of the motion for mistrial, did not constitute a waiver of the right to pursue the question on appeal, since the evidentiary hearing would have been a gesture in futility, the content of the conversation being irrelevant to the question of whether a new trial should be ordered.

Reversed and remanded.

BASHARA, J., dissented. He would hold that plaintiff's abandonment of his motion for a mistrial, coupled with plaintiff's failure to provide a sufficient record on appeal, constitutes a waiver of any claim arising out of the judge-juror conversation. He would affirm.

### OPINION OF THE COURT

1. TRIAL — JURY — CONTACT WITH JURY — PREJUDICE — NEW TRIAL.

   A dialogue between a trial judge and a juror which occurs during the course of trial without the knowledge and outside the presence of counsel for the parties mandates reversal and remand for a new trial even in the absence of a showing of actual prejudice flowing from the dialogue.

2. TRIAL — APPEAL AND ERROR — MOTION FOR MISTRIAL — FAILURE TO PURSUE MOTION — FUTILE ACTS.

   The abandonment of a motion for a mistrial, said motion being based upon a dialogue between the trial judge and a juror, by failing to produce witnesses at a scheduled evidentiary hearing does not waive the right to assert on appeal error arising out of the judge-juror dialogue, since the asserted error is of such serious import that an evidentiary hearing would be a gesture in futility.

### DISSENT BY BASHARA, J.

3. APPEAL AND ERROR — MOTIONS — MISTRIAL — FAILURE TO PURSUE MOTION — RECORD ON APPEAL — WAIVER.

   *The failure to continue to pursue a motion for mistrial based upon a judge-juror dialogue which took place during trial, to obtain a ruling on the motion and to provide a sufficient record on appeal constitutes a waiver of any claim arising out of those circumstances in the appeal.*

*Leonard C. Jacques,* for plaintiff.

*Foster, Meadows & Ballard* (by *John Arthur Hamilton),* and *Joseph V. McGovern,* for defendant.

Before: T. M. BURNS, P.J., and BASHARA and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff brought an action against the defendant under general admiralty and maritime law, alleging the unseaworthiness of a vessel. A jury found for plaintiff in the sum of $180,000. However, they also found that the percentage of fault and comparative negligence chargeable to plaintiff was 95%. Plaintiff appeals from a judgment awarding him $9,000.

The sole issue raised on appeal is whether a new trial should be granted upon the disclosure by the trial judge that he conversed with a juror without the presence of counsel for either party.

It appears that the trial judge did engage in an off-the-record dialogue with an individual juror during the course of the proceedings.[1] The fact that this dialogue took place did not come to light until after a verdict was reached, and, thereafter, a motion for mistrial was filed.

In *Zaitzeff v Raschke,* 387 Mich 577; 198 NW2d 309 (1972), the Supreme Court reversed a jury verdict because the judge and court reporter entered the jury room to reread a portion of the trial testimony after the jury had begun its deliberations. The Court reasoned that the formal requirement that prejudice must be shown to warrant reversal under such circumstances was improper since it is difficult to know exactly what took place when the judge entered the jury room. The same reasoning is applicable in the instant situation.

---

[1] This dialogue was neither transcribed nor recorded.

The substance of the judge-juror dialogue herein is controverted. The trial judge stated his memory of the conversation on the record. He indicated that the juror merely told him that the juror had been on the same bus with the plaintiff and had seen plaintiff get off and enter a hotel where a friend of the juror's resided. The judge opined that this revelation was of little impact or effect. However, affidavits provided by the juror in question, an alternate juror and an investigator indicate that the juror's judgment may have been colored by the reputation of the hotel that he allegedly saw the plaintiff enter.

We find it necessary to reverse this cause. In doing so, we do not find that any prejudice actually inured to the plaintiff's position, nor do we suggest that there was any bias on the part of the trial judge. The error stems from the strong possibility of prejudice that presented itself. A trial judge simply should not engage in off-the-record discussions with the jury, or individual members thereof, unless counsel are present to protect their clients' interests.

Furthermore, we do not find that this error was waived by plaintiff's abandonment of his motion for a mistrial. The chronology of events occurring below precludes such a finding. Plaintiff did not even become aware of the communication until after the jury verdict came in, but before the judgment was entered. Thus, plaintiff could not have brought his mistrial motion at the most opportune time, *i.e.,* after the conversation occurred and while its substance was still fresh in the minds of the parties. If counsel were present, or at least informed of the judge-juror conversation immediately after its occurrence, either counsel could have taken steps to alleviate any prejudice arising

therefrom before the trial continued. Such steps might have included: an examination of the jury panel to determine whether the juror in question communicated his opinions to them and, if so, what effect these communications had; a motion to dismiss the individual juror and continue with the remaining jurors as per GCR 1963, 511.1; an immediate motion for a mistrial, or any other legal steps counsel deemed necessary.

However, at the stage plaintiff had to bring his motion, a motion more properly labeled a new trial motion rather than a mistrial motion, any prejudice caused by the improper communication would have done its damage. Our adversarial system, designed to allow for the fullest representation of each party's interests, would not have been served thereby. Counsel were deprived of information necessary to render an effective and just representation of their clients' interests.

The colloquy between the court and plaintiff's counsel, at the time the hearing on plaintiff's motion for a mistrial was adjourned, indicates the judge recognized his error in not apprising counsel of the conversation immediately. The judge stated:

"It may be that it was error on the part of the Court to listen to the Juror and to fail to report it to Counsel which I intended to do. It was just an oversight frankly. I think it might be harmless error."

Immediately following this statement, the judge expressed his earnest desire to ascertain the gravity of his error by directly examining plaintiff's affiants at a subsequent hearing on the mistrial motion. The fact that this subsequent hearing was never held due to plaintiff's abandonment of his motion for a mistrial should not lessen the impact of the error that occurred. We find this error to be

of serious import. Ordinarily, we would remand for a hearing upon plaintiff's new trial motion. However, on the facts of this case, such a remand would be a gesture in futility. There was no record made of the judge-juror dialogue. The hearing, then, would necessarily break down into a consideration of one juror's word against the other's and the trial court's. We cannot authorize such a proceeding.

Reversed and remanded for a new trial.

Bashara, J. *(dissenting)*. I respectfully dissent. At the hearing on the motion for a mistrial, the court gave the following account of the incident:

"THE COURT: I'll inform you at this point. The information you have one Juror approaching the Court after the conclusion of the day's trial was correct to this extent: After everyone had left, he told my Court Reporter that he wanted to tell me something. I asked the Court Reporter to remain, to bring him in and remain in my chambers. He stated the day before he was on a bus and as he was leaving the bus, he noticed the Plaintiff was on the same bus. He departed, heading toward a hotel, the Plaintiff did, and departed heading for his home. I also recall and the Court Reporter can verify this, that he said something to the effect that he had a friend living in the same hotel, but that he had never seen the Plaintiff there and was unaware that that was where the Plaintiff lived. That was the sum and substance of the matter.

"I told him thank you for reporting it and excused him.

"I frankly had intended to inform Counsel the next day of the statement feeling that it was without impact or effect and inadvertently did not do so. I had the Court Reporter search the record to see if I had done so."

The trial judge then stated that he wished to

examine the juror and an alternate juror, whose affidavit supporting the juror's statement was also filed. A date for the next hearing was set, but the plaintiff failed to pursue his motion, and never obtained an evidentiary ruling on the matter.

As the trial judge stated at the hearing, plaintiff's allegations raise a serious question which, if confirmed, might necessitate a new trial. *Fisher v Bernard,* 386 Mich 182; 191 NW2d 323 (1971), *Cooper v Carr,* 161 Mich 405; 126 NW 468 (1910). However, plaintiff was obligated to continue with his motion and to obtain a ruling on the matter in the trial court. The plaintiff also is obligated to provide this Court with a sufficient record from which it can determine whether the trial judge was in error, had the motion been denied. *Lemanski v Ford Motor Co,* 82 Mich App 244; 266 NW2d 775 (1978), *lv den* 405 Mich 811 (1979).

The plaintiff's abandonment of his motion, and his failure to obtain a ruling by the trial court after the judge had scheduled an evidentiary hearing on the matter, amounts to a waiver of the claim, precluding review by this Court. We need take the matter no further.

I would affirm.